[No. 6288.]

# DAVID W. ALEXANDER v. MARTIN DENAVEAUX AND HENRY A. MAISON.

ATTORNEY AND CLIENT.—An attorney has no authority, by virtue of his employment as such, to instruct a Sheriff to conduct a business, such as a restaurant, upon which an attachment has been levied, and thereby bind his client for the expenses incurred.—[REPORTER.]

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

Judgment was rendered for the plaintiff, and the defendants appealed. The other facts are stated in the opinion.

*Gould, Blanchard & Stump,* for Appellants.

*Thom & Ross,* for Respondent.

An attorney at law has authority, by virtue of his employment as such, to do on behalf of his client all acts, in or out of Court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, and not the cause of action. ( *Wieland* v. *White,* 109 Mass. 392; *Moulton* v. *Bowker,* 115 Mass. 36; *Rice* v. *Wilkins,* 21 Me. 558; S. C. 15 A. M. Rep. 72.) The attorney may direct the Sheriff as to the time and manner of enforcing the execution. ( *Willard* v. *Goodrich,* 31 Vt. 597; *Gorham* v. *Gale,* 7 Cow. N. Y. 739.) The plaintiff in the execution has the right to control the Sheriff in the service thereof, and so has the attorney of the plaintiff, by virtue of his original retainer; and either may authorize him to depart from the regular and ordinary course of executing it. (Crocker on Sheriffs, sec. 412, and authorities there cited.) The Sheriff may leave the property levied on with the defendant, at his own risk; or if with the assent or by the direction of the plaintiff or his attorney, at the risk of the plaintiff. ( *Donham* v. *Wild,* 19 Pick. 520; Crocker on Sheriffs, sec. 430.)

By the COURT:

The Court below instructed the jury as follows: " The jury is instructed that if you find from the evidence that the plaint-

iff rendered the services and incurred the expenses and indebtedness sued for, for Denaveaux & Maison in their suit against Caison & Schmidt, and at the request of the attorneys for said Denaveaux & Maison, then you must find for the plaintiff."

Part of the services referred to in the instruction were for the expenses incurred by the plaintiff in conducting the business of keeping a restaurant. The circumstances are that Denaveaux & Maison, defendants here, commenced an action against Caison & Schmidt, who were owners and proprietors of a restaurant, and caused a writ of attachment against the property of the latter to be issued. This writ came into the hands of the plaintiff here, who was the Sheriff of the County of Los Angeles, and who levied it upon the restaurant and its stock and fixtures. Subsequently the attorneys of the defendants here (plaintiffs in the attachment suit) instructed the Sheriff (plaintiff here) to keep the restaurant open and conduct its business, which instruction was obeyed by the Sheriff, and the business continued until it was closed for lack of customers.

The plaintiff here, as Sheriff, certainly had no authority, because of the writ of attachment in his hands, to keep the restaurant open for customers, or to conduct business therein. His authority, if any, came from the instructions of the attorneys of the plaintiffs in the attachment suit. But those attorneys had themselves no authority to give such instructions, or to thereby bind their clients, the defendants here, to pay for expenses incurred by the Sheriff in conducting the business. The circumstances under which an attorney has authority to bind his client are pointed out in the Code of Civil Procedure, sec. 283, and the facts of this case do not bring it within that section.

Judgment and order denying a new trial reversed, and cause remanded for a new trial. Remittitur forthwith.