[No. 7,721.—Department Two.]

## D. W. ALEXANDER *v.* MARTIN DENAVEAUX ET AL.

ATTACHMENT—ATTORNEY, AUTHORITY OF—SHERIFF—EVIDENCE—INSTRUCTIONS—LAW OF THE CASE.—The complaint in effect alleged that the plaintiff, as Sheriff and at the suit of defendants, levied an attachment upon a restaurant, and under their written instructions kept the same open, and, at their request, rendered services and incurred expenses, "in and about the levy of said writ, as aforesaid, the preservation of land, property, keepers' fees, and cost of storage, to the amount of one thousand two hundred and seventy-two dollars and seventy-three cents." There was no evidence of any instructions by the defendants to keep the restaurant open; but written instructions of their attorneys to that effect were admitted in evidence, against the objection of the defendants, "for the purpose only of showing that  *  *  *  defendants had notice that the property had been attached, etc.,  *  *  *  and not for the purpose of showing anything in regard to running of restaurant"—the attorneys for plaintiff expressly disclaiming any intention to demand any amount or charge for running the restaurant.  The Court instructed the jury that, if they found from the evidence that the plaintiff rendered the services and incurred the expenses and indebtedness sued for, for the defendants, and at the request of their attorneys, they should find for the plaintiff.

*Held:* Under the decision of the Court in this case, on the former appeal, the Court erred in admitting the evidence and in giving the instruction. (THORNTON, J., concurring in the last point only.)

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of Los Angeles.  SEPULVEDA, J.

*Will D. Gould* and *James H. Blanchard,* for Appellants.

*Thorn & Stephens*, for Respondent.

SHARPSTEIN, J.:

The plaintiff alleges in substance that he, at a certain time, was Sheriff of Los Angeles County, and that while he was such Sheriff the defendants delivered to him an attachment, which they had sued out against the proprietors of a restaurant, which he attached and took into his possession, and that thereafter the defendants " duly gave plaintiff, as Sheriff as aforesaid, instructions in writing to keep the said restaurant open while holding the same under said writ, and pursuant to said request and instructions plaintiff did keep the same open, and at the request of said Denaveaux and Maison (the defendants) plaintiff did, between the twenty-fifth day of July and the sixteenth day of October, 1877, render service and incur expense for the defendants herein and about the levy of said writ as aforesaid, the preservation of land, property, keepers' fees, and cost of storage, to the amount and of the value of one thousand two hundred and seventy-two dollars and seventy-three cents."

On the trial it was not shown that the defendants ever gave the plaintiff any instructions in writing or otherwise, to keep said restaurant open for any period.   But it was shown against the objection of defendants, that defendants' attorneys did so instruct the plaintiff in writing, which was introduced in evidence by the plaintiff "for the purpose only of showing that Denaveaux and Maison (the defendants) had notice that the property had been attached, and that the Sheriff had it in his custody at the place where it had been attached, and not for the purpose of showing anything in regard to running of restaurant, and attorneys for plaintiff expressly disclaimed any intention to demand any amount or charge for running the restaurant."   To the ruling of the Court upon their objection to the introduction of this testimony, the defendants excepted.

There are cases in which testimony may be introduced for one purpose which is inadmissible for any other, and the Court in such cases may properly admit it for that purpose, and limit it at the request of the opposing party to that purpose only.   But this testimony had a tendency to prove one of the

allegations of the complaint which was denied by the answer, to wit, that the defendants instructed the plaintiff in writing to keep the restaurant open, and it was wholly irrelevant and immaterial for any other purpose. The code does not require that the Sheriff shall give an attaching creditor notice of the levy of his attachment, and it was wholly unnecessary in this action to prove that the defendants had notice that theirs had been levied upon said restaurant. If the levy was properly made, the plaintiff was entitled to his legal fees, and the defendants were bound to pay them.

And although the learned Judge who tried the case admitted this testimony for the single object which he at the time stated, it appears from the first instruction which he gave to the jury that he subsequently lost sight of that object, for he instructed them as follows : " If you find from the evidence, that the plaintiff rendered the services and incurred the expenses and indebtedness sued for, for Denaveaux & Maison in their suit against Caison & Schmidt, and at the request of the attorneys for said Denaveaux & Maison, then you must find for the plaintiff."

Here we have first an allegation that the plaintiff, while holding said restaurant under said attachment, kept the same open by written instructions of the defendants; second, a writing introduced in evidence which shows that the defendants' attorneys instructed the plaintiff to keep it open; and, third, an instruction to the effect that if the plaintiff rendered the services and incurred the indebtedness sued for, at the request of the attorneys of the defendants, the verdict must be for the plaintiff.

When this case was here before, the Court said : " The plaintiff here, as Sheriff, certainly had no authority because of the writ of attachment in his hands, to keep the restaurant open for customers, or to conduct business therein. His authority, if any, came from the instructions of the attorneys of the plaintiffs in the attachment suit. But those attorneys had themselves no authority to give such instructions, or to thereby bind their clients, the defendants here, to pay for expenses incurred by the Sheriff in conducting the business. The circumstances under which an attorney has authority to bind his client are pointed out in the Code of Civil Procedure,

Section 283, and the facts of this case do not bring it within that section." (*Alexander* v. *Denaveaux*, 53 Cal. 664.) It seems to us that this makes the errors of the Court, in admitting the written directions of the defendants' attorneys in evidence, and in giving the instruction above quoted, manifest.

Judgment and order denying motion for a new trial reversed.

MYRICK, J., concurred.

THORNTON, J., concurring:

I concur in the above. The attorneys for plaintiff having disclaimed any intention to demand any amount or charge for recovering the restaurant, was equivalent to withdrawing any claim for it, and the instructions of the Court contravening this disclaimer were erroneous.