[No. 14350.   Department One. — June 27, 1891.]

## B. E. HUNT, APPELLANT, v. GEORGE B. MALDO-NADO, RESPONDENT.

GUARDIAN AND WARD — EMPLOYMENT OF ATTORNEY BY GUARDIAN — PERSONAL LIABILITY — ACTION AGAINST WARD — NECESSARY. — A guardian of a minor, and not the minor, is primarily personally liable for the professional services of an attorney employed by the guardian in the performance of his duties.

ID. — PAYMENT BY GUARDIAN — ALLOWANCE FROM ESTATE OF WARD. — If the guardian pays an attorney's fee, and it is allowed by the probate court as a reasonable expenditure, and necessary to protect the ward's interest, it may be allowed from the ward's estate.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Dooner & Burdett,* for Appellant.

Services of attorneys in defending suits affecting the ward's title to lands are necessaries, and an action for the recovery of a reasonable compensation for such services is maintainable. (*Barker* v. *Hibbard,* 54 N. H. 539; 20 Am. Rep. 160.) The demurrer admits that the services alleged were performed, and that the ward received the benefit, and that the services were worth the amount promised to be paid and prayed for. (Code Civ. Proc., secs. 1768, 1769, 1776.) Claims against a minor need not be presented in the form required in estates of deceased persons. (*Racouillat* v. *Requena,* 36 Cal. 656, 657.)

*James M. Damron,* for Respondent.

Plaintiff cannot maintain this action, or any other, against the minor or guardian, for attorney's fees incurred for the estate. The probate side of the superior court alone can deal with the estates of wards. (*Cole v. Superior Court,* 63 Cal. 86; 49 Am. Rep. 78.)

TEMPLE, C. — Appeal on judgment roll from judgment on demurrer.

The demurrer was properly sustained. The action is to recover an attorney's fee for services rendered to the guardian of a minor in pursuance of a written contract. The action is against the minor. If the guardian made a valid contract with the attorney, he may be held liable, and if he pays it, and the probate court shall deem the expenditure reasonable, and necessary to protect the interests of the ward, it may be allowed from the ward's estate. But it is an expense incurred by the guardian in the performance of his duties, for which he is primarily liable. If an attorney's fee could ever be in the nature of a necessary for which the ward could contract, the complaint shows that the service here was not of that character.

We notice that the transcript fails to show that the ward appeared by guardian, as required by section 372 of the Code of Civil Procedure.

The judgment should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.