[S. F. No. 894. Department One.—June 23, 1899.]

## S. CLARKE PORTER, Respondent, v. VICTORIA ELIZALDE, Appellant.

ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY TO EMPLOY ASSISTANT COUNSEL.—An attorney-at-law has no general authority, by virtue of his retainer, to employ counsel or assistants at the expense of his client, without the client's previous authority or consent.

ID.—UNDERSTANDING OF ASSISTANT—DECLARATIONS OF ATTORNEY.—The liability of the client to compensate the assistant employed by his attorney cannot be established by the evidence of the assistant that it was his understanding that the attorney represented his client; nor can authority from the client, not in fact possessed by the attorney, be established by the declarations of the attorney.

ID.—ACCEPTANCE OF SERVICES—IMPLIED OBLIGATION—EXCEPTION TO RULE—AGREEMENT OF ATTORNEYS TO PAY EXPENSES.—The gen-

eral rule that the acceptance of the services of another without objection implies an obligation to pay their reasonable value, is not uniform or absolute, but its application depends upon the circumstances of the case; and it does not apply in case of the mere acceptance of the services of assistant counsel, employed without the previous authority or consent of the client, by attorneys with whom the client has an agreement for compensation, covering the whole cause, and the payment of all the expenses of the litigation by them.

ID.—STATEMENT OF ASSISTANT COUNSEL IN ARGUMENT TO JURY—ESTOPPEL.—A statement made by the assistant counsel in the argument to the jury, in support of the contest of a will, that the contestant would pay all the attorneys' fees in the case, did not call for the expression of any dissent, and could not create an estoppel by silence of the contestant, to dispute the obligation to pay the fees of the assistant counsel.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Edward P. Cole, and Graves & Graves, for Appellant.

Sidney M. Van Wyck, Jr., for Respondent.

HARRISON, J.—The plaintiff recovered judgment against the defendant upon an action assigned to him by Mr. James L. Crittenden for services rendered as counsel upon the trial of a contest of the will of her husband. A motion for a new trial was made upon the ground that the finding by the court of an employment by her of Mr. Crittenden was not sustained by the evidence. The motion was denied, and the defendant has appealed.

The defendant had filed a contest against the probate of her husband's will in the county of Santa Barbara, and for that purpose had employed as her attorneys Messrs. Graves & Graves and Mr. John J. Boyce, upon an agreement with them that they would advance and pay all the costs and expenses to be incurred in the contest, and that, if successful, she would transfer and convey to them one-half of the property she might recover thereby. Some months after this contest had been filed Mr. Ernest Graves employed Mr. Crittenden to assist him at the

trial of the contest, and in pursuance of the employment Mr. Crittenden attended at the trial and acted as leading counsel therein. The trial lasted about two weeks, and resulted in a verdict in favor of the contestant. Mr. Crittenden had no interview with the defendant until he went to Santa Barbara a day or two before the trial began, nor did the defendant know until that time that he was to have anything to do with the case. He was then introduced to her by Mr. Graves as the gentleman who was coming there to assist in the trial. After his arrival at Santa Barbara he discussed the case with her, the evidence that could be given, and who were her witnesses, and from that time on through the trial had frequent interviews with her concerning the testimony and witnesses, and also with the witnesses in the case—usually in company with Mr. Graves, or Mr. Boyce, or both. Mr. Crittenden never had any conversation with her about the terms of his employment, except that he told her at the time of his introduction to her that he was employed to try the case. Nor did he at any time say anything to her, or she to him, on the subject of his compensation, or by whom he was to be paid. Neither did he at any time say anything to her about paying him for his services, until the day the present action was commenced—about two years after the trial of the contest—when he sent her a telegram requesting payment, to which she replied by directing him to see Mr. Graves about it. When Mr. Crittenden was employed he was informed by Mr. Graves that his fee in the matter was contingent upon success, and, although no definite amount was agreed on as his compensation, a sum was named which was satisfactory to both. He was also informed that Mr. Graves was to pay all the expenses of the litigation, and Mr. Graves did in fact pay Mr. Crittenden's expenses at Santa Barbara during the trial of the contest. Nothing was said by Mr. Graves as to who was to pay Mr. Crittenden, but on one occasion after the trial he requested payment from Mr. Graves. It is not claimed that there was any direct employment of Mr. Crittenden by the defendant, and he testified that it was his understanding that his employment was by Mr. Graves as her agent. There was no evidence that Mr. Graves was ever authorized by her to employ him, and the defendant testified that she never em-

ployed him as her attorney or authorized anyone to employ him on her behalf, and Mr. Graves testified that he had no authority from the defendant to employ Mr. Crittenden, but that he employed him upon his own account, and that the understanding between them was that he would pay him when the estate was distributed and he received his contingent fee.

Upon this evidence the court was not justified in finding that the services of Mr. Crittenden were rendered to the defendant at her special instance and request, or that he was employed by her as counsel upon the trial of the contest. An attorney-at-law has no general authority by virtue of his retainer to employ counsel or assistants at the expense of his client without previous authority or assent on the part of the client. (*Paddock v. Colby,* 18 Vt. 485; *Young v. Crawford,* 23 Mo. App. 432; *Voorhies v. Harrison,* 22 La. Ann. 85; Mechem on Agency, sec. 813; Weeks on Attorneys, sec. 246.) The statement of Mr. Crittenden that it was his understanding that Graves represented the defendant is insufficient to render the defendant liable. The authority of an agent cannot be established by his own declarations in the face of evidence that he had no authority.

The respondent contends, however, that the appellant is liable for the value of the services rendered by reason of having accepted them without objection; that, as she was present at the trial and made no objection to having Mr. Crittenden act in her behalf therein, she is under an implied obligation to pay their value. It is undoubtedly in general the rule that when one knows that another is rendering him services, and tacitly assents thereto, if nothing more appears the law will imply a provision on his part to pay for such services. The rule is not uniform or absolute, however, but will be recognized or refused according to the circumstances of the particular case in which it is invoked (see *Moulin v. Columbet,* 22 Cal. 508); and when it appears that the services were rendered under an express employment by an agent, or by a third person who assumed to act in the interest of the one in whose behalf they were rendered, the authority of that person and the terms of the employment become important factors in determining the liability or the right of recovery. The mere silence of the party will not be held to constitute such assent or acquiescence in the acts of the

agent as to amount to a ratification or adoption of these acts, without also considering the circumstances under which the silence existed. Especially in a case like the present, where there was no authority in the defendant's attorney to engage counsel at her expense, and where he had agreed with her to pay all the expenses of the litigation, will the law refuse to imply from her mere silence a promise to pay for the services rendered under such employment. In *Price v. Hay*, 132 Ill. 543, it was held that the acquiescence of a client in the appearance of an attorney and performance of services by him in the case is not legitimate evidence from which a jury may infer an implied contract between them to pay for such services, where the client has previously employed other counsel therefor at a fixed fee. Similar rulings have been made in *Holmes v. Board of Trade*, 81 Mo. 137; *Young v. Crawford, supra; Savings Bank v. Benton*, 2 Met. (Ky.) 240; *Evans v. Mohr*, 153 Ill. 561; *Ennis v. Hultz*, 46 Iowa, 76.

The respondent has cited certain cases in support of his contention, but in each of the cases where this question was presented for decision there was some controlling circumstance upon which the court relied to determine the liability of the client. In *Briggs v. Georgia*, 10 Vt. 68, the attorney who had the management of the suit was the agent of the town, as well as its attorney-at-law, and in *Paddock v. Colby, supra*, this fact was alluded to by the court as distinguishing the case from the general rule that an attorney cannot employ counsel at the expense of his client without his consent. In *King v. Pope*, 28 Ala. 602, the attorney had informed the client of the employment of counsel, and he not only expressed no dissent but afterward conferred with him about the case at the trial. In *Jackson v. Clopton*, 66 Ala. 29, the liability of the client was placed upon his "recognition of the relationship during the progress of the trial." In *Hogate v. Edwards*, 65 Ind. 373, the liability of the client was maintained upon the ground that his conduct at the trial amounted to a ratification of the employment by his attorney. In none of these cases had the attorney made an agreement with the client to pay all the expenses of the litigation. In *Ennis v. Hultz, supra*, where there was an agreement between the client and his attorney for a contingent fee,

the court said: "The plaintiff in the case at bar cannot be allowed to say that the defendants looked on and saw him do work for them, and therefore impliedly agreed to pay him because the plaintiff had an express contract with Dixon," and distinguishes the case from *McCrary v. Ruddick,* 33 Iowa, 521, cited by the respondent herein, in that in the earlier case McCrary was employed by one of the codefendants in the action, and the facts were such that he had the right to assume that he was employed by all of the defendants.

It was testified herein that in his argument to the jury Mr. Crittenden stated that the contestant, the defendant herein, would pay all the attorneys' fees in the case; that she was present at the time, and neither then nor at any subsequent time repudiated or disputed this statement; and this fact is relied upon by the respondent as a reason for holding her liable herein.

It is only upon the ground of an estoppel that she can be held liable by reason of not having disputed this statement, and it is manifest that there are here no elements of an estoppel. It was not a case where she was under any obligation to deny the statement, nor was the statement made with any view to obtain an assent or dissent from her, upon which Mr. Crittenden was to determine his course of action. Moreover, the place and conditions under which the statement was made were not such as to permit her to express any dissent. (See *Wilkins v. Stidger,* 22 Cal. 231; 83 Am. Dec. 64.)

The judgment and order denying a new trial are reversed.

Van Dyke, J., and Henshaw, J., concurred.

Hearing in Bank denied.