[L. A. No. 934. Department One.—February 24, 1902.]

## JOHN M. MILLER, Respondent, v. MARIA AMPARO BALLERINO, Appellant.

ACTION FOR SERVICES OF ATTORNEYS—PLEADING—ADMISSION TO PRACTICE. —In an action by an assignee to recover the reasonable value of services rendered upon defendant's retainer of a firm to aid in the prosecution of a certain suit, it seems that it is not necessary to allege that the firm consisted of attorneys at law admitted to practice.

ID.—SERVICES OF PERSONS OTHER THAN ATTORNEYS.—The law does not prohibit the recovery by persons other than attorneys of the reasonable value of their services rendered in a litigation at the defendant's request.

ID.—GENERAL DEMURRER—DEFECT CURED BY FINDING—SUPPORT OF ·JUDGMENT—IMMATERIAL VARIANCE.—Assuming, without deciding, that the complaint should have alleged specifically that the firm

[1] 52 Am. St. Rep. 201.

employed were attorneys admitted to practice, a finding to that effect, upon sufficient evidence, cured the defect as against a general demurrer, and the complaint is sufficient to support the judgment. The variance is immaterial; and the defect in pleading must be disregarded, as not affecting any substantial right.

ID.—EMPLOYMENT OF LAW FIRM TO ASSIST—EVIDENCE—CONTRACT WITH ORIGINAL ATTORNEY.—In the action to recover the value of the services rendered by the law firm, where it clearly appears that the defendant employed them to assist defendant's original attorney of record, and made them additional attorneys of record, and did not disclose to them any understanding that the original attorney was to pay for their services, and the contents of the contract with such attorney were disclosed in an affidavit introduced in evidence, made by the defendant, upon an application for an allowance for compensation for the services of the law firm, the original of such contract is immaterial, and it was not error to exclude it from evidence.

ID.—RESPONSIBILITY FOR PAYMENT—CONFLICTING EVIDENCE—APPEAL.—Where the only question in dispute related to whether the defendant's original attorney or the defendant personally was responsible for the payment of the services of the law firm, a finding upon conflicting evidence, to the effect that the defendant was responsible therefor, cannot be disturbed upon appeal.

ID.—FINDING AS TO EMPLOYMENT—IMPLICATION OF RESPONSIBILITY.—A finding that the original attorney, pursuant to authority given him, did, as agent and in behalf of the defendant, employ the law firm to assist in the prosecution of the suit, necessarily implies, where nothing appears to the contrary, that the defendant, as principal, was to pay for their services.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. John L. Campbell, Judge, presiding.

The facts are stated in the opinion of the court.

Cyrus F. McNutt, Joseph E. Hannon, and Smith, McNutt & Hannon, for Appellant.

Miller & Brown, and Hatch, Miller & Brown, for Respondent.

VAN DYKE, J.—Appeal from a judgment in favor of the plaintiff, in the sum of one thousand dollars, and from an order denying defendant's motion for a new trial. The action is brought by the plaintiff, as assignee of Hatch, Miller & Brown, to recover for services rendered by them in the suit

of Ballerino *v.* Ballerino, in the superior court of Los Angeles County.

The appellant contends that the court erred in overruling the defendant's demurrer to the plaintiff's complaint. The complaint alleges that between the twenty-fifth day of March, 1896, and the first day of June, 1897, Hatch, Miller & Brown rendered services to the defendant, upon her retainer of them, in the prosecution of a suit for said defendant against one Bartolo Ballerino, and in counseling and advising said defendant relative to said suit and her interests therein involved; that said services are reasonably worth the sum of $2,500; that the same has not been paid; and that said claim had been properly assigned to the plaintiff by Hatch, Miller & Brown. In support of the contention of the appellant that the complaint was insufficient, it is said that it nowhere appears that the parties who rendered the services were attorneys and had a license to practice as such. In reply respondent contends that the court will take notice of who are the attorneys at law practicing before it. However this may be, there is no case cited from this state where it is held to be necessary to aver that in a suit for services rendered by an attorney it must be alleged that he is an attorney admitted to practice. Besides, there is nothing in law prohibiting persons other than attorneys from recovering the reasonable value of their services when performed at the request of another. In the finding of the court it is stated that the law firm of Hatch, Miller & Brown were employed to assist in the prosecution of the suit in question, and that said law firm of Hatch, Miller & Brown did, between the date of said employment and the first day of June, 1897, perform services as attorneys for defendant in the prosecution of said cause, and in pursuance of the employment of them by said defendant; and the evidence supports this finding. That being the case, if it were necessary—which we do not hold—that the complaint should have alleged specifically that the parties employed were attorneys admitted to practice, the finding cures the defect as against a general demurrer, and the complaint is sufficient to support the judgment. No variance between the allegation in a pleading and the proof is deemed material, unless it actually misled the adverse party to his prejudice, and the court must in every stage of an action or proceeding disregard any defect

in a pleading or proceeding which does not affect the substantial rights of the parties. (Code Civ. Proc., secs. 469, 475.)

The appellant also contends that the court erred in excluding evidence offered in reference to the contract between her attorney, J. Marion Brooks, and herself. There can be no question but that the defendant authorized said Brooks to employ the firm of Hatch, Miller & Brown to assist her in the prosecution of the suit. That is testified to by Brooks and admitted by the appellant; but she contends that Brooks was to pay the assistant attorneys so employed, and not herself. Brooks, on the other hand, denies this, and says that their services were to be paid by the appellant. If, as claimed by the appellant, she authorized the employment of Hatch, Miller & Brown to assist Brooks, but that Brooks was to pay for the services, it is not pretended that such an understanding was disclosed to Hatch, Miller & Brown, or that they agreed to look to Brooks for their pay instead of the appellant.

Bearing upon the conflict in testimony between Brooks and the appellant, an affidavit of the appellant on an application for an order for an allowance by the defendant in said action of Ballerino *v.* Ballerino, to pay the services of additional attorneys, was introduced in evidence. In that affidavit she says that "she has contracted to pay J. Marion Brooks the sum of $7,000 for the prosecution of said action, and that affiant has contracted with said Brooks to prosecute said action for said sum of $7,000; that $6,500 of the $7,000 is secured by mortgage upon the interest of this affiant in the community property; that said defendant has contributed nothing to said cause for attorney's fees; that the property interests are large, and that one attorney is not sufficient for the proper protection of affiant's rights in said action; that affiant has employed Hatch, Miller & Brown, attorneys at law, to assist said J. Marion Brooks in the proper prosecution of said cause; that affiant prays this court that a reasonable attorney's fee be allowed the said Hatch, Miller & Brown, and that defendant may be compelled to contribute such fee."

There was also introduced in evidence an application by her for the substitution, as her attorneys, of J. Marion Brooks and Hatch, Miller & Brown, in place of said J. Marion Brooks. It appears in evidence that the appellant is an ignorant woman, not able to read or write, or to sign her

name except by a mark. Still the affidavit referred to, as well as the application for substitution of attorneys, is witnessed by her two sons and daughter, who were able to read and write, and to explain the nature of the instrument signed. The testimony excluded by the court, of which the appellant complains, was in reference to the contract between Brooks and appellant, and, under the circumstances detailed, was entirely immaterial. The terms of that contract seem to have been well understood and admitted. The only material question was as to who was to pay for the services of the additional attorneys.

Clearly, the employment of Brooks as an attorney did not authorize him to bind his client in the employment of other attorneys and render the client liable for the payment of their services, and the respondent does not claim anything to the contrary. The contention here is on the part of the respondent that the employment of the additional attorneys was by the client through her said attorney, and that is admitted by the client, as before stated, the only question being as to who was to be responsible for the pay. On that question there is a substantial conflict in the evidence, as already shown, and, that being the case, the finding of the court cannot be disturbed.

The court finds that, pursuant to the authority given him, Brooks, "as the agent of said defendant, and for and on her behalf, retained and employed the said law firm of Hatch, Miller & Brown, as associate counsel to assist in the prosecution of said suit of defendant against Bartolo Ballerino." This necessarily implies, nothing appearing to the contrary, that the principal—to wit, the appellant—was to pay for their services, and this is the material issue in the case; and the findings are sufficient to support the judgment.

The judgment and order appealed from are affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank and filed the following opinion on the 31st of March, 1902:—

BEATTY, C. J.—I dissent from the order denying a rehearing in this cause, my dissent being based upon a ground not mentioned in the opinion of the court, although presented in the briefs. The trial court erred, in my opinion, to the prejudice of the defendant, in excluding all evidence of the terms of her contract with her attorney. Plaintiff's assignors were employed by her attorney, and never had any direct communication with the defendant regarding their compensation. Her defense to the action was, that she had not authorized the employment of additional counsel at her expense, and had only consented to the employment of plaintiff's assignors because her attorney desired their assistance, and upon the express condition that he should pay them for their services out of the fee which she had contracted to pay him. Upon this point there was a sharp conflict of evidence, and it appears from the bill of exceptions that at the close of the evidence the trial judge announced that he should find that her attorney's authority was limited, as claimed by defendant and her witnesses. The findings, as subsequently filed, however, are silent upon this specific point, being merely general, to the effect that her attorney was authorized to employ, and did on behalf of defendant employ, plaintiff's assignors, who thereupon performed valuable services, etc. In view of the statement of the trial judge above referred to, and of his rulings upon the offers to prove the terms of the contract between defendant and her attorney, I can only conclude that the findings as made were based upon the evidence offered by the plaintiff at the trial to prove that defendant knew that plaintiff's assignors were performing services in her behalf, and with that knowledge accepted such services. This evidence was relevant only upon the proposition contended for by the respondent in his argument here, and no doubt urged upon the trial court, that the acceptance of the services of his assignors implied a promise to pay for them. But this precise point was determined adversely to the respondent's contention in the case of *Porter* v. *Elizalde*, 125 Cal. 207. That was a case very closely parallel to this, in which it was held that the fact that the defendant had employed an attorney under an express agreement for a contingent fee could not be held liable to pay another attorney, employed by the first, the value of his services merely because she had chosen to accept them.

If that case was correctly decided,—as I think it was,—it was highly material for the defendant to prove in this case, as she offered to do, that her attorney had contracted to perform, or procure to be performed, all professional services in her behalf for a fixed sum, to be paid only in case of success. It is true that it does not appear in this case, as it did in the Elizalde case, that the attorneys employed to assist the original attorney were actually advised of the terms upon which he had been employed, but it appears, by the plaintiff's own testimony, that he and his assignors knew that there was an express contract secured by mortgage. They had sufficient knowledge to put them upon inquiry, and are charged with actual notice of all they could have learned by inquiry in the proper quarter,—i. e. of Mrs. Ballerino, with whom they had abundant opportunities to confer.

For these reasons I think the court erred in refusing defendant's offers to prove the terms of her contract with her attorney, and that the error in those rulings clearly shows that the findings and judgment were based upon the precise contention overruled in the case of *Porter ·v. Elizalde,* 125 Cal. 207.