[S. F. No. 3009.   Department One.—March 16, 1904.]

J. C. McKEE, Appellant, v. LOUISA HUNT, Administratrix of Estate of Joseph L. Soher, Deceased, Respondent.

GUARDIAN AND WARD—SERVICES OF ATTORNEY—CLAIM TO BE ALLOWED BY COURT—WARD NOT LIABLE—ACTION AGAINST ESTATE.—The claim of an attorney for a guardian who has rendered services at the guardian's request in the execution of the trust for the ward cannot be enforced by an action against the ward or his estate. The ward is not personally liable therefor, and no action can be maintained by the attorney upon a rejected claim against the estate of the deceased ward.

ID.—EFFECT OF ORDER FOR SUBSTITUTION OF ATTORNEY FOR GUARDIAN.— An order of the court having jurisdiction of the guardianship for the substitution of an attorney for the guardian, in place of a former attorney, simply makes such attorney the attorney of record, and does not attempt to authorize a contract directly affecting the property of the ward or to require the performance of any legal services.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

T. W. Nowlin, for Appellant.

Campbell, Metson & Campbell, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment rendered in favor of defendant, upon the sustaining of her demurrer to plaintiff's amended complaint, and his failure to further amend.

As stated by counsel for appellant, the real question on this appeal is as to whether or not the amended complaint states facts sufficient to constitute a cause of action.

The action was brought against Louisa Hunt, purely in her capacity as administratrix of the estate of Joseph L. Soher, deceased, to obtain judgment against his estate for one thousand dollars, alleged to be due plaintiff as the reasonable value of legal services rendered by him during the minority of deceased, under employment by the guardian of his person and estate to act as attorney for such guardian in the execution of her trust.

The employment of plaintiff by such guardian, the rendition of services in pursuance thereof, the reasonable value of such services, the due presentation of a claim therefor to the administratrix, and the fact of non-payment were all alleged in the amended complaint.

It is the settled law of this state that an action will not lie against a minor or his estate for the value of services rendered to the guardian of such minor to assist him in the execution of his trust.

The position of a guardian in this respect is the same as that of the administrator of the estate of a deceased person. Both the administrator and the guardian are primarily liable to those whom they employ to aid them in the care, management, and protection of the estate, and the question as to the reimbursement of the administrator or guardian from the estate, for such necessary expenses as he may incur, is one solely between the administrator or guardian and the estate which he represents, and one which the court having jurisdiction of the estate has the sole power to determine. The person rendering services to the administrator or guardian cannot maintain an action for the value thereof against the estate or against the ward.

This has been directly held at least twice by this court in actions brought against the ward for the value of legal services rendered to the guardian (*Hunt* v. *Maldonado,* 89 Cal. 636; *Morse* v. *Hinckley,* 124 Cal. 154), and many times in cases

involving the question of compensation of attorneys employed
by the legal representatives of deceased persons (*Gurnee* **v.**
*Maloney,* 38 Cal. 85;[1] *Briggs* v. *Breen,* 123 Cal. 657; *McKee*
v. *Soher,* 138 Cal. 367, and cases there cited).

This does not appear to be disputed by counsel for appel-
lant, but it is contended that the services for which compen-
sation is here sought were rendered under order of the court
having jurisdiction of the minor's estate, and that where a
guardian is authorized by such an order he may bind both
his ward and the property of his ward.

The rule for the application of which appellant here con-
tends is simply that the court having jurisdiction of the
guardianship proceeding may, when allowed by the law
applicable to such proceedings, authorize the guardian to
make a contract directly affecting the property of the estate,—
such, for instance, as a contract of sale of property of the
ward, or a contract creating a lien thereon. Whether or not
under our statute the court could under any circumstances
authorize a contract for legal services for the benefit of the
estate the effect of which would be to render the estate of
the minor directly liable to the attorney rendering the same,
it is not necessary here to determine.

The only order of the court alleged in the amended com-
plaint, and here relied on as rendering the estate of the
deceased minor liable at the suit of the attorney, is an order
made on the application of the guardian, under the provisions
of section 284 of the Code of Civil Procedure, substituting this
plaintiff as her (said guardian's) attorney in the place and
stead of her former attorney employed by her, and who had
refused to consent to the substitution. This order simply
had the effect of making plaintiff the attorney of record em-
ployed by said guardian, the same effect precisely that the
consent of the guardian and her former attorney to such
change, filed with the clerk or entered on the minutes, would
have had, (Code Civ. Proc., sec. 284,) and it in no degree
attempted to authorize a contract affecting the property of
the estate of the minor, or to require the performance of any
legal services.

In addition to alleging the application for an order of
substitution of attorneys, and the order made thereon, by

[1] 99 Am. Dec. 352.

setting forth the same *in hæc verba,* it was alleged that the plaintiff "performed legal services for said defendant as said guardian of said Joseph L. Soher, since deceased, by order of said court and at the express request and direction of said guardian," and it is urged that the allegation that plaintiff performed the services "by order of said court" sufficiently shows a good cause of action against the estate of the deceased minor.

Manifestly, this general allegation must be construed as having reference to the order of substitution of attorneys set forth with so much detail in the amended complaint, for no other order is alleged therein. Were this not so, however, we know of no provision of law authorizing the court having jurisdiction of the guardianship proceedings to require or direct an attorney to perform legal services for the guardian. There was no sufficient allegation of any order authorizing the guardian, on behalf of the minor, to enter into any contract with plaintiff, and, as before stated, it is therefore unnecessary to here determine what would have been the effect of such an order.

The amended complaint failed to state a cause of action against the estate of the deceased minor.

We find nothing else in the record or briefs requiring notice. The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.