Gunter, J.
From a judgment for appellees — defendants— is this appeal.
The complaint alleges the probating of the will of George W. Clayton, deceased, the appointment and qualification of Moses Hallett as the executor thereof, the institution of an action by an heir at law to annul the will, the employment of appellant by said executor to defend, the action, her successful defense thereof in his behalf and in behalf of appellee city, the value of the service so rendered and the refusal and failure to pay therefor. It further alleges that by the said will the residue of the estate-of deceased — such residue being of great value— was given to appellees in trust to establish and maintain a college. 0
Judgment is prayed awarding appellant a lien upon the judgment obtained in the action contesting the will and on the trust fund involved therein, for securing and satisfying the amount due for legal services in said action and requiring appellee Hallett, as executor and trustee under said will, and appellee city as trustee thereunder, to pay from said fund the amount so due.
The answers of appellees deny the employment of appellant, also that she rendered any service in behalf of them or either of them.
The case was tried to the court and its findings were: (1) That appellant rendered valuable service in defense of the action contesting the will. (2) That she was not employed to perform such service by appellees, or either of them. (3) That she performed such service under the employment, on his own account, of W. C. Kingsley, to assist him in the defense of said action, he having, been employed by appellee Hallett to defend the same. Judgment went dismissing the action.
*209 Appellant denies the correctness of findings 2 and 3, which are to the effect that she was not employed by the executor, and insists that while the executor did not employ her directly, nor did he expressly authorize her employment, he did impliedly empower his counsel, Mr. Kingsley, to retain her on his, the executor’s, account, and that she was so retained.
The evidence relied upon to support this contention was that the executor employed Mr. Kingsley to defend the action contesting the will, and that the executor regularly employed him as his counsel. The contention in effect is, that the • mere retainer of counsel is implied authority to him to employ associate counsel at the expense of his client in the litigation in which he is engaged.
Such is not the law. — Northern Pacific Railway Co. v. Clark (106 Fed. 794), 45 C. C. A. 635, 637.
While the retainer of Mr. Kingsley by the executor to defend the action contesting the will did not preclude him from employing at his own expense appellant to assist him in the defense of the contest, yet, such retainer did not authorize him to employ appellant as counsel at the expense of the executor or of the state. — Young v. Crawford, 23 Mo. App. Reports 432; Porter v. Elizalde, 125 Cal. 204, 207; Northern Pac. Ry. Co. v. Clark, supra.
(2) Appellant says that Mr. Kingsley assumed authority in her employment to retain her on account of the executor, and that such employment has since been ratified by the executor.
We express no opinion as to whether Mr. Kingsley claimed such authority when employing appellant because not necessary to this decision. If, however, he did assume such authority in retaining appellant the evidence does not show that the executor ever ratified such employment. The evidence relied on *210 to prove ratification of the alleged employment tended to show that appellant to the knowledge of the executor was assisting Mr. Kingsley in the defense of the contest. The fact that she was so engaged was entirely consistent with the conclusion that she was there as the assistant of and at the expense of Mn Kingsley, and not on account of the executor. — Young v. Crawford, supra; Porter v. Elizalde, supra.
A further fact fatal to the contention that the evidence showed ratification of the alleged employment is that the executor never knew of the existence of the facts claimed to show ratification. The evidence was not such that the trial court could reasonably conclude therefrom that the. executor consented to the employment of appellant upon his account. We agree with the finding óf the trial court that the executor did not employ appellant, nor did he ratify the alleged employment by Mr. Kingsley. Further, there was no evidence justifying the conclusion that the executor was estopped to deny the alleged employment of appellant on his account. We also concur in the findings of the trial court that appellee city in no manner employed appellant as counsel upon its account.
(3) Appellant insists that regardless of the question whether she was employed by the executor, or the city, she should have a lien on the judgment recovered in the action contesting the will for the reasonable value of her services therein, and an order should be made that the same be paid from the trust estate. If we accept the court’s findings of fact — • which we do — the case is reduced to this: Appellant was employed by Mr. Kingsley on his own account to assist him in the litigation involved in the action contesting the will; pursuant to such employment she rendered valuable service in such litigation, and was *211 thus the attorney for Mr. Kingsley. She was not under the employment of the executor, nor was the estate her client. She now asks the court to make an order for the payment to her from the funds of the estate, not of the executor’s debt, nor the debt of the estate, but the payment of the debt owing to her by her employer, Mr. Kingsley.
No authority has been cited, and we think none could be, that would sustain us in taking the action requested. The executor employed counsel, Mr. Kingsley, to defend the action to annul the will. Such counsel undertook the defense and the same was conducted successfully, and it may be that under Fillmore v. Wells, 10 Colo. 228, an equitable action would lie to establish a lien on the trust fund preserved by the judgment to secure such allowance as the court might make for the legal services of the counsel so employed by the executor, but we think it cannot be that any kind of an action would lie to declare a lien on such trust fund for the amount that counsel, so employed by the executor, might be owing to counsel retained by him on his own account for legal services rendered in his assistance in such action.
In Fillmore v. Wells, supra, counsel were employed by the guardian of certain minors to recover certain property interests. The suit was brought and a judgment obtained awarding the minors an interest in certain real estate and - certain money. The counsel so employed afterwards brought suit against the minors, the guardian and certain other parties to have the court- determine the aiqount of the fees to which they were entitled for such legal services and for'a. decree declaring the amount of such fees to be a lien upon the judgment so sécured. Judgment went granting the relief prayed. •
That case is not authority for- saying that if *212 counsel therein who were employed by the guardian had retained counsel on their own account to aid them in the trial of the ease that such assistant counsel, after having performed the services stipulated, would be entitled to have the fees for their services allowed against the wards and a lien declaréd therefor upon the judgment recovered in favor of the wards.
The evidence herein did not make out a case of any character against- appellees or either of them, nor did it make out a. case authorizing the allowance to appellant of any sum from the trust estate for her legal services. For the reasonable value of them she must look to her client, Mr. Kingsley.
(4) The motion of appellant for a new trial upon the ground of newly-discovered evidence was denied. This ruling is urged as prejudicial error. Evidence thus sought to be availed of was cumulative, and would not, if adduced, have brought about a different result than that of the former trial. Such was the finding of the court, in which we agree.
Judgment should be affirmed.

Affirmed.