[Civ. No. 152.  Second Appellate District.—April 7, 1906.]

## GEORGE H. PRINCE, Respondent, v. H. KENNEDY, Appellant.

ACTION FOR LEGAL SERVICES—PLEADING—AUTHORITY TO PRACTICE LAW —PRESUMPTION.—In an action for legal services, where the complaint averred that the services were performed by a firm who ''were engaged in the practice of law, as attorneys and counselors at law, in the city of Los Angeles,'' it is not insufficient for not averring their authority to practice law. From the allegations made it will be presumed, if necessary, that they were regularly authorized to practice law.

ID.—ASSIGNMENT TO PLAINTIFF—AMOUNT DUE PLAINTIFF—NECESSARY INFERENCE FROM AVERMENTS.—Where the complaint alleged the performance of legal services by the firm of attorneys for defendant within two years, and that they were of the reasonable value of $750, ''that no part of said sum has been paid; and the whole thereof . . . is now due, owing and unpaid,'' and alleges an assignment of the claim by the firm to the plaintiff, it appears by irresistible conclusion from the specific facts alleged that that sum is due ''from defendant to plaintiff,'' and that is sufficient.

ID.—SUFFICIENCY OF FINDINGS.—To find that all of the allegations of the complaint are true negatives every denial of these allegations, and to except the allegation of value of the services from

the general finding, and to fix their value at a less sum, leaves the findings open to no objection on the score of uncertainty, and fully disposes of the issues.

ID.—INSUFFICIENT DEFENSE—EVIDENCE NOT SHOWN—FINDING UN-NECESSARY.—Where the answer sets up an insufficient defense, which raised no material issue, no finding upon it was necessary; and where the evidence does not appear in the record, no reversal can be had for failure to find upon it.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Stutsman & Stutsman, and Taylor & Forgy, for Respondent.

GRAY, P. J.—In this action it is alleged in the complaint: "That Taylor & Forgy is, and at all times herein mentioned was, a copartnership, composed of W. S. Taylor and E. W. Forgy, who are, and at the times herein mentioned were, engaged in the practice of law as attorneys and counselors at law, in the city of Los Angeles, California. That within two years last past, as such attorneys and counselors at law, and at the special instance and request of the defendant, H. Kennedy, said Taylor & Forgy, rendered to and for said defendant services for which said defendant agreed to pay the reasonable value thereof; that no time was agreed upon for the payment thereof, but said services have been fully rendered and performed and $750 is the reasonable value thereof. That no part of said sum has been paid; and the whole thereof, to wit, the sum of $750, is now due, owing and unpaid." An assignment of the said claim to the plaintiff is also duly alleged in the complaint.

The answer, in effect admits the performance of services but denies that they were performed within two years last past, and also denies that they were of any value. The answer then proceeds as follows: "And for a further and separate defense this defendant alleges: That within six months last past defendant employed W. S. Taylor, one of the members of the firm of Taylor & Forgy, as attorney at law, to

collect a certain claim of $525 due defendant as commission upon a sale of real estate from one Andrea Daneri; that said Taylor and said Taylor & Forgy failed and neglected to collect said claim or any part thereof; that they wholly failed and neglected to institute proceedings to collect said claim, and defendant says that he has no information upon which to found a belief, and basing his denial upon that ground he denies that said Taylor or said Taylor & Forgy performed any services in that behalf.''

The court found ''that all the allegations of the complaint are true,'' except the allegation that the services were of the reasonable value of $750 and found the reasonable value thereof to be ''$500 and no more''; and ''that no part of said reasonable value of such services has been paid.'' From the judgment entered in plaintiff's favor on these findings the defendant appeals.

1. It is objected, first, that the complaint is insufficient to support the judgment, and fails to state a cause of action because it is not alleged therein that Taylor & Forgy were attorneys at law ''authorized by the laws of this state to practice law.''

This contention is fully negatived by the case of *Miller* v. *Ballerino,* 135 Cal. 566, [67 Pac. 1046, 68 Pac. 600]. The allegations of the complaint herein are much broader than in the Ballerino case. There the complaint contained no allegation that the services were performed as attorneys at law. Here it is so alleged, and, further, that the firm was ''engaged in the practice of law,'' etc. From this it will be presumed, if necessary, that they were regularly authorized to practice law. This point is devoid of merit.

2. The point that the complaint does not allege that anything is due from defendant to plaintiff is also devoid of merit. The complaint alleges specific facts leading to the irresistible conclusion that $750 is due from defendant to plaintiff; and that is sufficient.

3. The findings are also clearly sufficient to support the judgment and fully dispose of all the issues in the case. To find that the allegations of the complaint are true negatives every denial of those allegations, and to except the allegation of value of the services from this general finding and to dispose of the question by a specific finding that said value is

$500 leaves the findings open to no objection on the score of uncertainty. It is impossible to misunderstand the findings as they are drawn, and we think them sufficient under the authority of *Moore* v. *Clear Lake Water Works,* 68 Cal. 146, [8 Pac. 816] , *County of Sutter* v. *McGriff,* 130 Cal. 124, [62 Pac. 412] , and many earlier cases in this state of similar import.

4. The matter set up in the alleged separate defense in the answer constituted no defense to the action, raised no material issue and no finding as to it was necessary. There was nothing in it to show that the employment therein referred to had any connection with the services for which suit was brought, nor were any damages alleged or claimed by way of counterclaim or otherwise. Moreover, if it were conceded that the answer contained an affirmative defense, it is settled by numerous cases and beyond question that a reversal will not be had for failure to find on it where, as here, the record does not contain the evidence. (*Roberts* v. *Hall,* 147 Cal. 434, [82 Pac. 66].) The burden is on the party alleging an affirmative defense to prove it, and the court will not presume, in the absence of the evidence, that there was evidence upon a point in respect to which there is no finding. (*Klokke* v. *Escailler,* 124 Cal. 297, [56 Pac. 1113].)

As to whether the appeal was taken for delay, and as to whether damages should be added to the judgment for that reason, the court is unable to reach a unanimous concurrence either way, and therefore damages are not added as for an appeal taken for delay.

The judgment is affirmed.

Smith, J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal, on May 7, 1906.