[Civ. No. 3434.  Second Appellate District, Division One.—December
2, 1920.]

# E. P. DAVIS, Appellant, v. CARRIE KUNZ MACKAY, Respondent.

[1] CONTRACTS—EMPLOYMENT OF DETECTIVE BY ATTORNEYS—ABSENCE
OF AUTHORIZATION BY CLIENT—EVIDENCE—FINDINGS.—In this ac-
tion to recover for services rendered as a detective by plaintiff's
assignor, under a contract entered into between h ` latter and de-
fendant's attorneys, the evidence, though conflicting, was sufficient
to sustain the findings of the trial court to the effect that defend-
ant never authorized her attorneys to enter into said agreement and
never ratified said agreement after it was entered into by her at-
torneys, that the services so rendered were not rendered at the
special instance or request of the defendant, and that she did not
agree to pay therefor.

[2] ATTORNEY AND CLIENT—EMPLOYMENT OF DETECTIVE—IMPLIED AU-
THORITY.—An attorney of record in a case has no implied author-
ity to employ a detective at the expense of his client to assist
him in securing evidence and preparing his case for trial.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lynn Helm for Appellant.

G. P. Nevitt for Respondent.

SHAW, J.—Plaintiff, as assignee of Bert H. Franklin,
sued to recover a sum of money alleged to be due from de-
fendant for services rendered as a detective.

Judgment went for defendant, from which plaintiff
appeals.

As appears from the findings, the action was based upon
a written contract dated November 1, 1918, executed between
Bert H. Franklin of the first part and the persons whose
names are signed thereto as parties of the second part, who
at the time were attorneys for defendant in an action then
pending in the superior court of Maricopa County, Arizona,
wherein defendant was the proponent for probate of the

will of her deceased husband and as to which will a contest had been entered by a brother of deceased. The contract is as follows:

"This agreement made and entered into this 1st day of November, 1918, by and between Bert H. Franklin, of Los Angeles, California, party of the first part, and Joseph P. Lacey and Townsend, Stockton & Drake, attorneys for Carrie Kunz Mackay, of Phoenix, Arizona, parties of the second part, Witnesseth:

"That whereas Carrie Kunz Mackay has filed for probate an instrument alleged to be the last will of her husband, Angus R. Mackay, and

"Whereas a contest has been filed by one Edward Mackay alleging himself to be a brother of Angus R. Mackay, deceased, and

"Whereas Carrie Kunz Mackay and Joseph P. Lacey and Townsend, Stockton & Drake of her counsel, deemed it wise to secure the services of party of the first part in preparation of proponent's case and in preparation for the trial of the issues raised by the contest, and

"Whereas party of the first part has rendered valuable services to Carrie Kunz Mackay and has been continuously devoting his entire time and attention to the aforesaid work since October 11, 1918, and has employed certain assistants who have rendered valuable service, same having been done with the consent and approval of parties of the second part;

"Now, Therefore, in consideration of the premises recited and such services as party of the first part may render to Carrie Kunz Mackay, it is agreed that party of the first part shall receive as full compensation for his services aforesaid the sum of Fifteen Dollars each day and his expenses and the expenses and salary of his assistants employed with the knowledge, consent and approval of the aforenamed counsel for party of the second part, and if the instrument filed and sought to be probated, is admitted to probate, said party of the first part shall receive for his services and the services of his assistants, the additional sum of Five Thousand Dollars ($5000.00) and One Hundred Dollars ($100.00) per day for each day he works with the knowledge and consent of the aforenamed attorneys for Carrie Kunz Mackay.

It is agreed that the Fifteen Dollars per day and expenses and the salary and expenses of the said assistants of party of the first part shall be paid when and as rendered and incurred in cash. The balance of compensation, if said instrument is admitted to probate, shall be paid only when the administration of the estate is in condition to make possible a sufficient distribution so to do. In event of settlement $2500.00 and $100.00 per day in addition to the fifteen dollars per day and expenses and the salary and expenses of assistants shall be paid.

"It is agreed that the total sum due party of the first part for his fifteen dollars per day and his expenses and for the salary of his assistants and their expenses to and including this date is $1157.87 and party of the first part hereby acknowledges receipt of the sum of $650.00 on account thereof.

"BERT H. FRANKLIN,
"Party of the First Part.
"JOSEPH P. LACEY,
"Party of the Second Part.
"TOWNSEND, STOCKTON & DRAKE,
"By FRED BLAIR TOWNSEND,
"By A. HENDERSON STOCKTON,
"By EARL F. DRAKE,
"Parties of the Second Part."

In addition to the findings that the contest of said will was settled, that Franklin, between October 11, 1918, and November 1st following, satisfactorily to said attorneys, performed twenty-one days' service in which he laid out for expenses and his salary and that of assistants, $842.87, and that no part of the amount set forth in said agreement, other than $650, had been paid, not by defendant, however, but by Joseph P. Lacey, one of her attorneys, it was further found: "That the defendant never authorized her attorneys to enter into the aforesaid agreement with the said Bert H. Franklin." "That the defendant never ratified said agreement after it was so entered into by her said attorneys after she had knowledge of the same." "That said Bert H. Franklin did not work in the service of said defendant excepting by and under the authority and direction of her attorneys." " . . . that the services so

rendered by said Bert H. Franklin was not rendered at the special instance or request of the defendant. That the said Bert H. Franklin was not employed by the defendant to investigate and secure evidence for said defendant in the preparation of said defendant's case, or for the trial of the issues raised by the contest of a certain will offered for probate and alleged to be the last will of her husband, Angus R. Mackay, deceased, pending in the superior court of the county of Maricopa, state of Arizona, but was only employed as aforesaid by her attorneys of record as more fully appears from said contract heretofore set out." "That the defendant did not promise to pay the said Bert H. Franklin if a settlement was made of said contest, the sum of $2,500 and $115 per day, or any other sum, for each day he worked thereon, or for any other time, or at all, either with the knowledge and consent of the attorneys of said defendant, or otherwise, nor did the defendant promise to pay his expenses and the salary and expenses of his assistants." And as a conclusion of law the court found that plaintiff was not entitled to recover judgment against the defendant, and not entitled to have anything by reason of his complaint.

[1] The contention of appellant is, first, that the findings made by the court in favor of defendant are not supported by the evidence; second, that the contract was made and entered into by her attorneys of record and that in so doing, and conceding an absence of express authority, they were acting within the scope of their powers as agents of and for, and in behalf of, defendant in making the contract with Franklin as a detective; both of which contentions are controverted by respondent, who, as a further defense, insists that the contract must be deemed void as against public policy.

The most that can be said as to the first contention, based upon the asserted insufficiency of evidence to support the findings made adversely to plaintiff, is that the testimony touching the question was conflicting. While that of Mr. Stockton, one of defendant's attorneys, called as a witness on behalf of plaintiff, was to the effect that when Mr. Lacey suggested to defendant that it was necessary to employ Franklin as a detective to assist in securing evidence and preparing the case, she replied, in substance, "do whatever

is necessary,'' the testimony of defendant is equally strong
as tending to prove that she never employed nor authorized
her attorneys to employ Franklin or any other detective,
and never at any time said anything to them which could·
be construed as authorizing them as her agents to execute
such contract for her and on her behalf. Moreover, the
character of the contract under which the attorneys ren-
dered the service is inconsistent with any express authoriza-
tion given.

[2] The chief contention of appellant is that defend-
ant's attorneys, in the absence of express authority to make
the contract, acted within the scope of their powers in the
making of the same. In support of this contention appel-
lant relies largely on the case of *Kast* v. *Miller & Lux,*
159 Cal. 724, [115 Pac. 932]. In that case it appears that
certain persons were being prosecuted for the alleged lar-
ceny of stock belonging to Miller & Lux, which corpora-
tion retained Judge Ostrander to assist the district attorney
in the prosecution of the charges. As attorney, he em-
ployed a detective to gather evidence in behalf of the prose-
cution, and in an action brought by the detective to recover
for services rendered he had judgment, which on appeal
was affirmed, not, however, upon the ground of Ostrander's
implied authority, but for the reason that the evidence ad-
duced at the trial disclosed that he was in express terms
authorized to employ the detective. Not only was it made
to appear that the business agent of the corporation was
present when Judge Ostrander engaged the detective, but
he thereafter made payments of money to him for the ser-
vices rendered. It thus appears that, since the decision in
that case was not based upon the fact, as claimed, that an
attorney, by virtue of his employment as such and in the
absence of express authority, may employ a detective and
make a contract with him for the payment of a specific
sum of money, and thus bind his client therefor, it furnishes
no support for appellant's contention. In *Northern Pacific
Ry.* Co. v. *Clarke,* 106 Fed. 794, [45 C. C. A. 635], the
court says: ''It is elementary law that an attorney in a
particular case has no general authority, by virtue of his
retainer, to employ other counsel, either by way of substi-
tution or as assistant or associate counsel, at the expense
of his client.'' To the same effect are: *Lathrop* v. *Hallett,*

20 Colo. App. 207, [77 Pac. 1095]; *Young* v. *Crawford,* 23 Mo. App. 432; *Porter* v. *Elizalde,* 125 Cal. 204, [57 Pac. 899]. If an attorney of record has no implied authority to employ an associate counsel at the expense of his client in the litigation in which he is engaged, it must, we think, follow that he is equally without such implied authority to employ a detective at the expense of his client to assist him in securing evidence and preparing his case for trial.

In this case the services of the detective covered a period of some twenty-one days, for which, under the contract, if plaintiff is liable, he is entitled to recover from her $5,107, in addition to the $650 theretofore paid him by defendant's attorney, Joseph P. Lacey. Clearly, the act of the attorneys in making the contract for the payment of such a large sum of money by their client cannot be deemed within the well-recognized rule that an attorney, by virtue of his retainer, may in behalf of his client incur the usual and necessary expense for the orderly conduct of the litigation. Such contracts for the employment of detectives are not only unusual, but as a rule wholly unnecessary.

We have no hesitancy in saying that, in our opinion, an attorney of record, merely by virtue of his employment and in the absence of express authority so to do, has no power to bind his client upon a contract for the employment of a detective such as here involved. Even were it conceded that the employment of a detective was within the scope of such implied power of an attorney, the engagement should not extend beyond what would be reasonable compensation for the employment. (*People* v. *Board of Supervisors,* 35 App. Div. 239, [54 N. Y. Supp. 782].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.