[Civ. No. 3573.   Third Appellate District.—October 18, 1928.]

BARBARA A. TASKER, Appellant, v. GENEVIEVE C. J. COCHRANE, Respondent.

Lissner, Roth & Gunter, Raymond E. Hodge and Lester William Roth for Appellant.

U. F. Lewis and Swing & Wilson for Respondent.

PLUMMER, J.—This is an appeal by the plaintiff from an order of the superior court granting a new trial after judgment had been rendered in favor of the plaintiff, based upon the verdict of the jury.

The action was prosecuted by the plaintiff as the assignee of Messrs. Janeway, Beach, and Pratt, attorneys at law of Los Angeles, to recover the sum of $6,000 alleged to be the reasonable value of legal services rendered the defendant, and also to recover the further sum of $1,500.30, moneys alleged to have been paid out and advanced by said attorneys for and on behalf of the defendant.

The answer of the defendant practically admits the employment of said firm of attorneys, but denies that the value of the services rendered was greater than the sum of $500. The answer also contains a complete denial of any part of the sum of $1,500.30, representing the moneys paid out by the attorneys. The jury awarded the plaintiff the sum of $6,000 as the value of the legal services performed, and also found in favor of the plaintiff in the sum of $1,500.30 on account of moneys paid out, costs, etc.

The defendant's motion for a new trial contained the following specifications:

"1. Excessive damages appearing to have been given under the influence of passion or prejudice;

"2. Insufficiency of the evidence to sustain the verdict;

"3. Insufficiency of the evidence to support the judgment;

"4. That the verdict and judgment are against law;

"5. Errors in law occurring at the trial and excepted to by said defendant;

"6. Error in giving instructions to the jury;

"7. Error in refusing instructions requested by the defendant;

"8. Error in modifying instructions given to the jury and requested by the defendant:"

The order of the court granting a new trial is in these words:

"The motion for new trial having heretofore been submitted, the court at this time grants the motion for a new trial." It will thus be seen that the trial court failed to specify any of the grounds upon which the motion for a new trial was granted. Under such circumstances, if any one of the grounds set forth is sufficient to sustain the motion, the order of the court granting the same will not be disturbed upon appeal, and we are at liberty to inquire into the respective grounds assigned as a basis for the motion, save and except as limited by the last paragraph of section 657 of the Code of Civil Procedure, which reads: "When a new trial is granted upon the ground of insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order, it will be presumed that the order was not based upon that ground." Counsel for the respective parties have called our attention to the various cases having to do with interpreting subdivisions 5

and **6** of section 657 of the Code of Civil Procedure, subdivision 5 referring to excessive damages appearing to have been given under the influence of passion or prejudice, and subdivision 6 relating to the insufficiency of evidence as a reason for setting aside a verdict. On the part of the appellant the argument is advanced rather tentatively, however, that there is a distinction between granting a new trial on the ground that the verdict is excessive, and on the ground that the evidence is insufficient to sustain the verdict. This distinction may be admitted to exist in personal injury cases where the amount of the verdict may be possibly increased on account of sympathy for the plaintiff or prejudice or passion against the defendant, but upon an action in the nature of *quantum meruit* for services performed, the distinction, if it exists at all, is little more than a fiction. The nonexistence of a distinction between the two grounds in actions such as the one before us, is very clearly stated in an opinion by Justice Finlayson in the case of *Griffey* v. *Pacific Electric Ry. Co.*, 58 Cal. App. 509 [209 Pac. 45], as follows: "If a new trial on the ground of 'excessive damages' be granted under the sixth subdivision, it necessarily is granted on the ground of the insufficiency of the evidence to sustain a verdict for the amount awarded by the jury. If it be granted under the fifth subdivision, it is equally true that it is granted on the ground of the insufficiency of the evidence to sustain a verdict for an amount as great as that returned by the jury; for, as our Supreme Court has pointed out, to say that a verdict has been influenced by passion or prejudice is but another way of saying that it exceeds any amount justified by the evidence." (*Doolin* v. *Omnibus Cable Co.*, 125 Cal. 144 [57 Pac. 774]; *Graybill* v. *De Young*, 140 Cal. 327 [73 Pac. 1067]; *Zibbel* v. *Southern Pac. Co.*, 160 Cal. 254 [116 Pac. 513]. See, also, *Meinberg* v. *Jordan*, 29 Cal. App. 762 [157 Pac. 1005, 1007].) For these reasons there is no merit in the claim that in this appeal we are precluded from determining whether the trial court abused its discretion in granting a new trial on the ground that the damages are excessive." In that case the order granting a new trial contained a statement that it was granted "on the ground of excessive damages." In the instant case the order is silent, and if, in actions based upon a complaint seeking a recovery for the reasonable value of ser-

vices performed, the reason for granting a new trial is not stated, we do not very well see how any distinction can be drawn between subdivision 5 of section 657 of the Code of Civil Procedure, relating to excessive damages where no passion or prejudice is shown, and subdivision 6 relating to the insufficiency of the evidence, without entirely eliminating the last paragraph of said section, which requires that if a new trial is granted upon the insufficiency of the evidence, the order must be so stated, or if not so stated, upon appeal it will be presumed that the order was not based upon that ground. In view of the quotation which we have taken from the case of *Griffey* v. *Pacific Electric Ry. Co.*, *supra,* we will confine our discussion to other grounds set forth in the notice of motion and motion upon which the new trial was granted, two of which we think sufficient to sustain the order to wit: The assignment of error on the part of the court in giving instructions to the jury; and also error of the court in refusing an instruction requested by the defendant.

■ As we have stated, the complaint in one of the causes of action set forth, asked for a judgment against the defendant in the sum of $1,500.30 for and on account of moneys expended by the law firm of Janeway, Beach, and Pratt, the assignor of the plaintiff, during the course of their employment by the defendant or during the time when they were rendering legal services for and on behalf of the defendant. The items making up the claim for $1,500.30 are set forth in a bill of particulars rendered by the plaintiff to the defendant and include items for telegrams, expenses of trips by Mr. Pratt, one of the firm, from Los Angeles to Redlands and return, like expenses to Riverside from Los Angeles, long-distance telephone calls, items for filing petitions for letters of guardianship, cost of bonds, cost of certified copies of letters of guardianship, expenses of trip by Mr. Pratt from Los Angeles to San Bernardino, Pullman reservations of Mr. Beach, a member of the firm, from Los Angeles to Duluth, Minnesota, and return, railroad fare of Mr. Beach to Duluth and return, $500 for a legal opinion obtained from Mr. Gunter by Janeway, Beach, and Pratt, and $533, amount paid by plaintiff's assignors to attorneys Washburn, Bailey, and Mitchell at Duluth, Minnesota. An examination of the record discloses that several of the items included in the bill of particulars listed as traveling expenses were not

authorized or subsequently ratified by the defendant. As to the item of $500 alleged to have been expended in obtaining an opinion from an attorney by the name of Gunter, the record shows that the opinion was obtained by Janeway, Beach, and Pratt without any knowledge or authorization on the part of the defendant, and that after it had been obtained, information of such fact was conveyed to the defendant by Mr. Beach, and all the authorization or ratification of the defendant pertaining to that transaction is summed up in the conclusion of the witness, who expressed his conclusions as follows: "She said she quite approved of that; she understood those things cost money." In either case, whether that transaction was shown by the conclusive character of the witness' testimony to be either an authorization or an approval, the reasonable value thereof was certainly a question of fact for the jury, under proper instructions calling attention thereto. ■ The cases having to do with the expenditures by counsel draw a line of demarcation between costs of the litigation, such as clerk's fees, filing fees, witness fees, jury fees, and the like, and the personal and traveling expenses of attorneys. The rule is thus stated in 3 California Jurisprudence, page 702, section 100: "In the absence of a special agreement to the contrary, a client is bound to repay his attorneys for all outlays made by him in the payment of the expenses of carrying on the litigation, and an attorney is bound to bear his own personal and traveling expenses." A like rule is set forth in relation to the employment by the retained attorney of some other attorney to assist him or to give his advice or an opinion upon any of the questions involved. To this effect are the cases of *Cooley* v. *Miller & Lux,* 156 Cal. 510 [105 Pac. 981]; *Miller* v. *Ballerino,* 135 Cal. 566 [67 Pac. 1046, 68 Pac. 600]; *Porter* v. *Elizalde,* 125 Cal. 204 [57 Pac. 899]; *Alexander* v. *Denaveaux,* 59 Cal. 476. A somewhat similar question was presented in the case of *Davis* v. *Mackay,* 50 Cal. App. 251 [194 Pac. 738], where it was held that an attorney had no power, without previous authorization, to employ a detective, at the expense of his client to assist in securing evidence and preparing a case for trial.

This brings us to a consideration of the errors alleged to have been made by the trial court in the giving and refus-

ing of instructions. At the request of the plaintiff the court first instructed the jury that if they found that plaintiff's assignors had rendered services to the defendant or her children, or both, then the jury should find for the plaintiff in such sum as the jury might believe from the evidence that the services of plaintiff's assignors were reasonably worth, and in addition, "if you find that plaintiff's assignors, in the rendering of such services, if any, incurred for and on behalf of defendant or her minor children, or both, expenses reasonable and necessary in the rendering of such services, that you must add the total of such reasonable and necessary expenses as you may find, if any, to the amount, if any, that in your judgment plaintiff's assignors are entitled to recover for the reasonable value of their services." The court then gave to the jury the following instruction:

"No. ——.

"You are further instructed that if you find from the evidence that services were rendered by plaintiff's assignors at the instance and request of defendant and that moneys were advanced for and on behalf of defendant by plaintiff's assignors, that you must find for plaintiff in such sum as you believe such services as were rendered were reasonably worth; and you must further find for plaintiff in an additional sum for the total of all moneys advanced and expended for and on behalf of defendant in connection with the services rendered by plaintiff's assignors if you find such services were rendered and such sums were so expended."

And, also, an instruction called "No. 5," as follows:

"No. 5.

"You are instructed that if you find from the evidence that plaintiff's assignors have performed services for the defendant with her consent and have advanced and paid moneys for her while acting as her attorneys in matters connected with said employment, that you must find for the plaintiff the reasonable value of such services, if any, as you may find from the evidence were rendered and also the amount of money, if any, which the evidence shows that plaintiff's assignors have advanced for and on behalf of defendant in connection with said employment."

And refused the following instruction requested by the defendant:

"No. 8.

"The law of the State is that in the absence of any special agreement, an attorney cannot recover for personal and traveling expenses, and in the absence of proof establishing such an agreement by preponderance of the evidence, the plaintiff cannot recover any sum or sums claimed to have been expended for personal or traveling expenses of Janeway, Beach and Pratt."

The reason for the refusal of the court to give defendant's instruction No. 8 is that it was already covered, in substance by instructions elsewhere given. An examination of the record shows this to be erroneous. No instruction was given to the jury calling their attention specifically to the fact that expenditures made by counsel, outside of those costs usually attendant upon litigation which we have specified, if made by counsel, can only be recovered where the evidence shows that there is a special or express agreement that counsel may be reimbursed therefor. The ordinary rule is that the overhead expense of counsel in maintaining their offices, the cost of their traveling expenses, their board bill and outlays of that kind are, save and except as to the board bill, matters to be taken into consideration in determining the value of an attorney's services and in fixing his fees therefor. But counsel are not entitled to have all of those matters taken into consideration in the fixing of fees, and then maintain an action to recover for their personal expenses, unless there has been an agreement to that effect. If, in this case there were any agreements to such effect, it would have to be proven by a preponderance of the testimony, and the defendant was entitled to have an instruction given to the jury calling attention to such fact. In this particular it will be noticed that the two instructions which were given by the court to the jury, told the jury that the plaintiff was entitled to recover for all outlays made by her assignors, Janeway, Beach, and Pratt, whether such expenses were or were not reasonably necessary. The language of the two instructions differs slightly, but both of them instruct the jury that the plaintiff was entitled to recover such sums irrespective of the reasonableness of the outlays. The jury was told that the plaintiff was entitled to recover for the reasonable value of the services of the attorneys, and in addition thereto, all the ex-

penses incurred by them or expenditures made by them. This is not a correct statement of the law. ■ They were entitled to recover all court costs necessarily incurred, and the reasonable value of all expenditures made by them authorized or ratified by the defendant, and to do so, they must prove such facts by a preponderance of the evidence. ■ We find no merit in the contention of respondent that the court committed error in refusing instructions based upon the theory that contracts or agreements between attorneys and clients relative to costs or expenditures are presumptively void. ■ Nor do we find any merit in the contention of the respondent that the defendant was not liable for attorneys' fees in relation to the guardianship matters. In the absence of an agreement to the contrary, where the personal liability of a guardian is waived, the law appears to be very well established in this state that a guardian is liable. (*Hunt* v. *Maldonado,* 89 Cal. 636 [27 Pac. 56]; *Morse* v. *Hinckley,* 124 Cal. 154 [56 Pac. 896]; *McKee* v. *Hunt,* 142 Cal. 526 [77 Pac. 1103]; *In re Price,* 61 Cal. App. 592 [215 Pac. 710].) In the case at bar the record fails to show that the respondent either proved or offered to prove that there was any contract between the attorneys and the defendant relative to fees for services for the defendant as guardian, by which personal liability would be waived. The respondent did offer to introduce in evidence certain unsigned writings which, if executed, would have justified the trial court in holding that personal liability had been waived, but that is the extent of the offered testimony.

In view of the fact that a new trial must be had in this action, as directed by the trial court, we have purposely refrained from expressing any opinion as to either the character or value of the services performed by plaintiff's assignors, and also in view of the cases having to do with section 657 of the Code of Civil Procedure, we have likewise refrained from expressing any opinion as to whether the award of the jury was excessive in fixing the fees of counsel.

The order of the trial court is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 17, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 17, 1928.

All the Justices present concurred.