GEORGE MONKS AND WILLIAM GILLES, PARTNERS, &c., v.
THE PROVIDENT INSTITUTION FOR SAVINGS IN JERSEY
CITY.

Argued June 8, 1899—Decided November 13, 1899.

1. A recital in a deed will constitute a covenant or agreement between
the parties upon which an action will lie, but it must have been
the intention of the parties thereto that it should have such effect.
A recital does not necessarily imply a covenant, and whether it does
so or not in each case depends on what is to be collected of the
intention of the parties from the whole instrument. If the recital in a
deed is solely relied upon as constituting a covenant or promise, then
there must be in the recital all the elements and certainty requisite to
a contract between the parties.

2. M. and G., contractors, were erecting a building for R., and after the
erection had been commenced and whilst it was in progress, P. agreed
with R. to make a loan to him, to be secured by a mortgage from R.
to P., on the lot and the building so erected thereon. M. and G.
(parties of the first part) agreed in writing, under their seals, with P.
(party of the second part) that the mortgage should be a paramount
lien to the amount thereof on the said lot of land and building, over
and above any mechanics' lien for any work or materials furnished by
M. and G. for the erection of such building. M. and G. also agreed
that they would indemnify and save P. harmless from any liens by
any contractors as against the amount of the mortgage. In the intro-
ductory part of this agreement it was stated as a recital that, " Whereas
the said parties of the first part are now engaged in erecting, under
filed contracts, a building for one Joseph Edward Rogers on Madison
street, Rutherford, New Jersey, whereon the said party of the second
part is about to loan the sum of $2,500 secured by bond and mortgage
thereon, which sum is to be used as a building fund for the payment
of said contractors "—*Held*, that this recital in this agreement did not
constitute a covenant or promise on the part of P. to pay M. and G.
the whole or any part of said sum of $2,500 for labor, work and
materials furnished for use in the erection of such building, and that
no action could be maintained by M. and G. against P. upon such
recital; and, *held, further*, that the agreement in its other parts did not
show any intention that this recital should have the operation of a
covenant or promise to pay the plaintiffs.

On demurrer to declaration.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL,
GARRISON and LIPPINCOTT.

For the plaintiffs, *Addison Ely.*

For the defendant, *Charles H. Hartshorne.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The declaration, containing one count, avers that the plaintiffs were engaged in erecting a building under a filed contract with one Joseph Edward Rogers, on Madison street, Rutherford, New Jersey, whereon the said party was about to obtain a loan of $2,500, to be secured by bond and mortgage, which sum was to be used as a building fund for the payment of plaintiffs as contractors, and that thereupon the plaintiffs covenanted with the defendant that the said mortgage should be and remain a first lien upon the said lot and building, paramount and prior to any claim or demand that the plaintiffs might have or thereafter acquire against said lot or building by virtue of the Mechanics' Lien law of this state, and that the plaintiffs thereby covenanted and agreed with the defendant that they would indemnify and save him harmless from the force and operation of any mechanics' lien by whomsoever filed or claimed, or to be filed or claimed, against the said lot or building.

The further averment is that the plaintiffs have performed this agreement on their part, and, as a breach, that the defendant did not and would not perform its agreement to hold the said sum of $2,500 as a building fund as aforesaid, and did not pay the same to the said contractors, contrary to the force, form and effect of said agreement, and therefore the said defendant became liable to pay the plaintiffs their claim for the erection of the building.

According to the bill of particulars annexed to the declaration the sum of $625 remains due and unpaid by the said Rogers for the work, labor and services and materials on the said building, with interest thereon.

By another averment the agreement is made a part of the declaration and a copy is thereto annexed.

The agreement was made on September 20th, 1897, between

plaintiffs and defendant, and recites that whereas the plaintiffs are engaged in erecting, under filed contracts, a building on Madison street, Rutherford, New Jersey, for said Rogers, and that the defendant is about to loan the said Rogers the sum of $2,500, to be secured by bond and mortgage thereon, " which sum is to be used as a building fund for the payment of said contractors."

The averment further proceeds, that in consideration of the premises, the plaintiffs covenant and agree to and with the defendant that the said mortgage shall be the first lien on the premises, paramount to any claim of the plaintiffs against said building or lot of land under the Mechanics' Lien law of this state, which they then had or might thereafter acquire, and that the plaintiff would indemnify and save harmless the defendant in favor of said mortgage from the force and operation of any mechanics' lien by whomsoever filed.

This agreement is signed and sealed by the plaintiffs to this action. It was delivered to and is held by the defendant.

It will be seen that according to the terms of this agreement as they stand, there is no express agreement on the part of the defendant to pay to the plaintiffs any sum of money whatever because of the waiver of the right to file a mechanics' lien against the said lot and building. The agreement itself is only one by which the plaintiffs agree to make paramount the mortgage given by defendant to secure a loan to Rogers of the $2,500 by mortgage over and above all liens. The right to file liens subject to said mortgage is expressly reserved, and the only claim of liability, if any, which is made or can be made, arises out of the recital in this agreement that the sum of $2,500 " is to be used as a building loan fund for the payment of said contractors."

Words of recital in a deed will constitute an agreement between parties upon which an action of covenant will lie, but it must appear to have been the intention of the parties that it should have such effect. A recital does not necessarily imply a covenant, and whether it is so or not depends in each case upon what is to be collected as the intention of the

parties from the whole instrument. 1 *Add. Cont.* (*8th ed.*) 187.

In order to ascertain the intention reference must be had to the terms of the contract, and the subject-matter thereof, and the situation of the parties as therein stated.

A recital is but introductory, and will not be drawn down into the agreement when it appears from the other portions of the contract that such was not the intention of the parties. 1 *Chit. Cont.* (*11th ed.*) 125.

The recitals may be used to discover the intention of the parties to the agreement. *Id.*, 120, 121.

All the cases and text-writers cited by the plaintiffs in the argument refer only to effect of recitals in deeds and agreements upon the construction of contracts, and only state the general rule that an agreement must be interpreted from all its parts taken together. *Ex antecedentibus et consequentibus.*

*Barton* v. *Fitzgerald,* 15 *East* 530 ; 2 *Rol. Abr.* 409 ; *Pars. Cont.* (*7th ed.*) 631, 641 ; *McClelland* v. *Norfolk Railroad Co.,* 110 *N. Y.* 469 ; *Brockway* v. *Petted,* 79 *Mich.* 620, are all cases and authorities which hold that parties making an agreement are estopped from denying the facts stated in the recitals thereto so far as they affect liability under the contract, or that parties are affected with notice of the recitals where they refer to other instruments containing certain conditions and limitations which are to be embodied in the agreement. They are exemplifications only of the well-established principle that parties to a deed or contract are estopped from contradicting or disputing these recitals, and they must be taken as true so far as they may aid and assist in the interpretation of the contracts or establishing liability thereunder, and that a contract must be interpreted by reference to all its parts.

In the case of *Farrall* v. *Hilditch,* 5 *C. B.* (*N. S.*) 840, much relied on by the plaintiffs, is a case where a recital was held to be a covenant, the deed which was one conveying property to secure a debt of the grantor, and it recited that the grantee had sued the grantor for the debt, and that the deed was made to secure it, and that the grantee should take

judgment in the action, "but that no execution should issue therein until the present security be realized." After judgment was taken execution was issued, and an action was brought on this recital, as for a breach of covenant.

The action was sustained because the court decided that the recital expressed the whole transaction, but in deciding the case the court also said that it "ought to be cautious in spelling a covenant out of a recital of a deed, because that is not a part of the deed in which covenants are usually expressed. 'The proper office of a recital,' said Lord Mansfield, 'like that of a preamble of an act of parliament, is to serve as a key to what comes afterwards.'" It will be seen that in this recital the whole agreement was expressed.

In *Young* v. *Smith*, L. R., 1 *Eq. Cas.* 180, the action or proceeding arose out of a marriage settlement made between intended husband and wife and a trustee. It recited that "if any property should devolve to the wife during coverture, such property and effects should be settled on the same or like trusts." The covenant of settlement in the deed was by the husband alone. The wife, after her father's death, claimed payment to her of a share in his estate which he left her by will. The trustee under the marriage settlement claimed it should go according to this recital. The court—Romilly, Master of the Rolls—granted the wife's application, saying: "It is of the greatest consequence to keep distinct different parts of the deed and to give to recitals and to their operative part the proper effect. The recitals may be useful in explaining ambiguities, but I cannot give to them such effect as to introduce a new covenant into the deed. I consider that very dangerous consequences would follow if I were to introduce here a covenant by the lady to settle her after-acquired property, especially when it is remembered that recitals in deeds are often very loosely expressed." *Jackson* v. *Northeastern Railway Co.*, L. R., 7 *Ch. Div.* 573.

In *Whitehill* v. *Gotwalt*, 3 *Penr. & Watts* 313, the recital was in a deed of conveyance; the deed described the lands conveyed; the recital at the end of the description

was, "being part of the land late of property of John Whitehill." The grantor in this deed took title from John Whitehill. It appeared that Whitehill had no title, and the question was whether this recital was equivalent to a covenant that Whitehill was seized in fee. The court held that it was not equivalent to a covenant and said : "Wherever a recital has been held to amount to an agreement or covenant in a deed disposing of real estate it must have been exclusively on the ground of intention, for upon no other principle can it be supported, and without such intention be so clearly and plainly expressed as that it can neither be overlooked or mistaken, a recital ought never to be adjudged to amount to a covenant, otherwise recitals instead of being the non-essential, immaterial and inoperative parts of deeds as they have been pronounced by the highest authorities, will become greatly the most efficient, as well as the most dangerous, by entrapping parties into covenants which they never thought of, and to which they were never asked to yield their assent."

In *Douglas* v. *Hennessy,* 15 *R. I.* 272, the action was in covenant on a recital in a bond which recited an agreement to convey land and was conditioned to convey according to the agreement. The court refused to consider it a covenant and said : "According to modern authorities the recital only operates so (as a covenant) when it is apparent from the whole scope of the instrument that it was intended to operate so, or, in other words, there is no technical rule, but courts are bound in each case to ascertain the intent and give the instrument effect accordingly."

In these two cases, Whitehill *v.* Gotwalt and Douglas *v.* Hennessy, the cases on this subject are collected and discussed.

It is clear that a covenant or contract may be implied from a recital in a deed, but it must appear either from the recital itself or from the whole contract taken together that the parties intended to do the thing which is the basis of the action. In order to raise an implied covenant out of the recital, the intention must be found in the contract. The transaction

must stand therein expressed, and such recital, in connection with the whole contract, must express more than a mere explanation. Whilst the recital may be used in explanation, or in interpretation of the contract, if the recital alone is relied on it must express a contract upon which an action can be sustained.

These are the rules upon the application of which it is to be determined whether the recital in this agreement is equivalent to a contract, covenant or promise. 20 *Am. & Eng. Encycl.* 468, 469.

In this case the contention of the plaintiff is that there arose out of this recital a contract, covenant or promise by the defendant to pay the plaintiffs their claim for the erection of the building, or so much of it as the balance borrowed by Rogers from the defendants would satisfy.

It will be noticed that nowhere in the agreement is there any provision as to the manner in which this sum is to be held for use, nor by whom, nor when, nor how it is to be paid. For aught that appears therein it might well be that it was to be paid over to Rogers to use it to pay the plaintiffs or other contractors under the filed contracts mentioned in the agreement.

There is nowhere in the agreement any expression that this sum should be held by the defendant and paid over to the plaintiffs, nor to any other person than Rogers, who was the person securing the loan and executing the mortgage, and to whom naturally it would be paid for him to disburse, and there is no guarantee in this agreement that he should use it for the benefit of the plaintiffs or others having claims against the building.

The construction given to the language of this agreement, taking its entire scope, is to secure a waiver of the right of lien as against the mortgage, and that the recital only explains the purpose for which the money was borrowed by Rogers, the mortgagor.

The purpose of this agreement, as it clearly appears, was to enable Rogers to secure a loan and estop plaintiffs from

any claim against it, in order to make the mortgage effective as a paramount lien.

The whole contention of the plaintiffs is that, by this agreement, the defendant was to hold the money and pay it to them. It is not expressly found in any portion of the agreement, nor could it be said that such was the intention of the contract unless it be derived from the recital, upon which there can hardly arise a question of construction. The recital merely states the relations of the parties as a reason for the contract. It inferentially states the situation and liability of all the parties, but it in nowise either enlarges the liability of the defendant or diminishes the rights of the plaintiffs except in so far as they waive them, and are by it estopped from enforcing them against the mortgage. It is also noticed that this agreement is only executed by the plaintiffs. Whilst this cannot govern, yet in *Young* v. *Smith, supra,* it was mentioned as a significant fact as bearing upon the intention expressed in the recital and as negativing the idea of a contract existing in the recital.

Therefore it is that, in order to sustain this action, the recital must contain within itself all the elements of a contract between the parties.

The intention of the defendants to pay the plaintiffs cannot be found in the recital. It is not so expressed and such inference cannot be drawn from it. Besides, it neither expresses by whom the fund is to be held and used, whether by the borrower or the lender, nor that the plaintiff could ever become entitled to any part of it. There is no provision in it when payments are to be made, whether upon the order of Rogers or anyone else, or when or how the defendant was to be satisfied to pay them. It is certainly so ambiguous in these respects that the only solution is that this recital was inserted to explain the reason of the waiver of the lien of the plaintiffs, and that was to enable Rogers to successfully negotiate a loan from the defendant which otherwise he could not do. This was the whole scope and intention of the parties to this agreement, and the recital had no greater force.

The construction of the contract and the intention of the parties are questions of law for the court, and the conclusion is reached that neither this agreement nor the recital in question contained any agreement, contract, covenant or promise whatever to hold this fund and to pay the plaintiffs any portion thereof, and therefore the declaration sets out no cause of action.

The demurrer is sustained, with costs.