WILLIAM GAMMON, Appellant, *v.* MARY E.
BUNNELL, as Administratrix of the Estate of
Thomas Gammon and Elizabeth Gammon, de-
ceased, and MARY E. BUNNELL and MARTHA
ANN GAMMON ROBERTS, heirs at law of
and to the Estate aforesaid, Respondents.

Pleading — Complaint — Contract — Action for Specific Per-
formance — Sufficient Allegations — Contract Escrow
Agreement—How Enforced—Sec. 3935, R. S. 1898 — Time of
Performance — Not Fixed in Contract — Reasonable Time—
Default—Demand. Deed in Escrow—Delivery—Fulfillment
of Condition—Demurrer—Withdrawal of—Cannot be Com-
pelled — Admissions — Election to Stand on Demurrer —
Equivalent to What — Power of Supreme Court — Under
Sec. 655, R. S. 1898—Entry of Judgment—Practice.

*Pleading—Complaint—Contract—Action for Specific Performance—
Sufficient Allegations.*

A complaint, in an action for specific performance, which
alleges a legal contract; part payment of the consideration;
the placing of the title papers in escrow; the tender of the
balance of the consideration and its refusal; the hostile atti-
tude of the one receiving the money tendered and the posses-
sion of the lands by plaintiff since the date of the original
contract, states a cause of action.

*Contract — Escrow Agreement — How Enforced — Sec. 3935, R. S.
1898.*

The depositary of an escrow is the agent of both parties and an
escrow contract is not revocable at the will of either party or
their representatives, but may be enforced under the pro-
visions of Sec. 3935, R. S. 1898.

*Time of Performance—Not fixed in Contract—Reasonable time—De-
fault—Demand.*

Where no date is fixed for the performance of the contract a

reasonable time is intended, and no default can attach until after a demand and failure or refusal to perform.

*Deed in Escrow—Delivery—Fulfillment of Condition.*

The delivery of a deed in escrow renders it absolute when the condition upon which it was made is fulfilled, and the deed takes effect from the date of the first delivery.

ON REHEARING.

*Demurrer—Withdrawal of—Cannot be Compelled—Admissions.*

The withdrawal of a demurrer cannot be compelled by the court, and while it remains it is an admission of the facts alleged in the complaint demurred to.

*Election to Stand on Demurrer—Equivalent to What.*

The election to stand upon a demurrer is equivalent to a refusal to plead over, and to abide by the final result, even to judgment.

*Power of Supreme Court Under Sec. 655 R. S. 1898—Judgment— Practice.*

Under Sec. 655 R. S. 1898, when a demurrer interposed to the complaint in the court below is overruled, and the plaintiff elects to stand upon his complaint, and the defendant elects to stand upon his demurrer without filing an answer, and judgment is entered for the defendant with execution, on appeal to this court, the facts being admitted, and it appearing that no request was made to file an answer in case the demurrer was overruled, or to withdraw the demurrer. *Held,* that this court has power to order judgment entered for the plaintiff on the demurrer in the court below.

( Decided Nov. 24, 1900. )

( Rehearing denied and judgment modified Dec. 15, 1900. )

Appeal from the Fourth District Court Utah County. Hon. J. E. Booth, *Judge.*

Action by plaintiff to compel specific performance of a contract in relation to real estate entered into by defendant's decedent. A demurrer was interposed in the lower

court upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Said demurrer was sustained and plaintiff electing to rely upon his complaint judgment of dismissal was entered and plaintiff appealed.  *Reversed.*

. *M. M. Warner, Esq.*, and *Chas. DeMoisy*, for appellant.

We contend that the depositary of an escrow is the agent of both parties, and the contract when so made and deposited is not revocable at the mere will of either of such parties, nor will the death of either party abrogate the contract of deposit, and where no specific or definite time is fixed for the performance of any act, no default attaches until demand is made, and a refusal or failure to perform, follows.   We cite the court to the following authorities to sustain plaintiff's right and the sufficiency of the complaint:  Vol. 1, Devlin on Deeds, Sec's 328–9 and 330 and notes; 13 John N. Y. 285; 6 Wendall N. Y. 666; 2 Mass. 554; 9 Mass. 307–10; 3 Am. Dec. 66; 62 Cal. 496; 48 Pac. 563.

As to demand necessary to default, see Vol. 2. Warner on Vendors, p. 774–75.

*M. M. Kellogg, Esq.*, for respondents.

### STATEMENT OF FACTS.

The plaintiff in his complaint alleges, in substance:

1. That Thomas Gammon died on the 27th day of July, 1897, and that Elizabeth Gammon died on the 23d day of February, 1899.

2. That in consideration of the payment by plaintiff to Thomas Gammon and Elizabeth Gammon of one dollar, they made, executed and delivered in escrow, for the

benefit of plaintiff the written instrument set forth in the complaint, which said instrument was intended by all parties thereto to be a warranty deed fully sufficient to convey title to plaintiff of all the land described therein.

3. That the deed was duly acknowledged, but by inadvertance and mistake the officer before whom it was acknowledged neglected to attach his official seal and signature to the certificate of acknowledgment of said instrument.

4. That the further consideration for the said land was the payment by plaintiff to one Martha Ann Gammon Roberts, of Independence, Missouri, of the sum of $300, gold coin, which should become payable after the death of the grantors, and that said payment should be evidenced by a receipt signed by the said Martha Ann Gammon Roberts, which receipt should entitle plaintiff to the said intended warranty deed aforesaid.

5. That while said deed was still in escrow, an offer, by letter, was made to pay said Martha Ann Gammon Roberts the said sum of $300, and a refusal, by letter, to either accept or receipt for the same by her, or to accept less than seven acres of land covered by the deed. It is further alleged that while the petition for the appointment of an administratrix of the estate of the grantors was pending in the probate court plaintiff filed a petition in said court praying a specific performance of the contract, and that said court dismissed said petition, without prejudice, under the provision of Secs. 3935-6-7-8 Rev. Stat. Utah, 1898.

6. Plaintiff further alleges that he has deposited with the clerk of the district court, and placed in the hands of the court for the use of said Martha Ann Gammon Roberts, the sum of $301 U. S. gold coin, as a tender for the balance of the purchase money of said land.

7. A full and complete compliance by the plaintiff of all of the conditions on his part to be performed to fulfill the terms of said contract of purchase is alleged.

8. It is alleged that at the date of making said purchase to-wit: April 22d, 1894, and by virtue of said contract of purchase, the plaintiff went into possession of all of said land, and has ever since exclusively possessed the same, and has paid all of the taxes thereon ever since.

9. It is further alleged that the defendants are claiming to own some interest in and to the premises adversely to plaintiff, and that they will, unless restrained, put a cloud upon plaintiff's title.

10. The complaint further alleges jurisdiction, and prays for specific and general relief, and also alleges that said deed was placed in an envelope and delivered to one Joe E. Daniels in escrow, and on the outside of said envelope was written and signed by said parties, the following contract:

"Whereas, the undersigned, Thomas Gammon, is desirous of providing out of his estate, which consists of the lands described in the within deed, the payment of $300 United States gold coin, to one Martha Ann Gammon Roberts, now of the State of Missouri, (Independence);

"Now, therefore, the within warranty deed is placed in escrow with Joe E. Daniels, to be by him held till the grantee, William Gammon, shall exhibit and deliver to him a receipt payable, signed and witnessed by the said Martha Ann Gammon Roberts, acknowledging receipt in full of said $300, and upon receipt of such proof of such payment of said sum of money, the within deed shall be delivered without further question to said William Gammon.          (Signed)     THOMAS GAMMON,
                                    "WILLIAM GAMMON."

To this complaint the defendants interposed a demurrer on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained. The plaintiff elected to stand on his complaint and the defendants upon their demurrer. Thereupon the complaint was dismissed, and a judgment for costs rendered against the plaintiff. From this judgment plaintiff appeals.

After stating the facts, MINER, J., delivered the opinion of the court.

The only question for determination in this case is whether the complaint states a cause of action.

Sec. 3935 R. S. 1898, provides that: "When a person who is bound by contract in writing to convey any real estate, dies before making the conveyance, and in all cases when such decedent, if living, might be compelled to make such conveyance, the court may make a decree authorizing and directing his executor or administrator to convey such real estate to the person entitled thereto."

It appears that a legal contract was made to convey the land in question to the plaintiff, and that a part of the consideration was paid, and that the balance thereof was to be paid, after the death of the grantors, to Martha Ann Gammon Roberts, when she should acknowledge the receipt in full of the $300. When this was done the deed was to be delivered to the plaintiff. Plaintiff at the time entered into possession of the land, and has ever since remained in such possession. After the death of the grantors the money was offered to Martha Ann Gammon Roberts, and by letter she refused to receive the $300, or to sign or deliver a receipt therefor, and demanded in lieu thereof 7 acres of land covered by the deed.

This offer to pay the amount due, and a refusal to accept the same or receipt therefor, coupled with her alleged hos-

tile acts in seeking to take possession of the property covered by the deed, and her refusal to accept the tender of $301 paid into court, must be treated as a refusal on her part to acknowledge any right in the plaintiff under or by virtue of said deed, and a refusal to accept the offer made.

The depositary of an escrow is the agent of both parties, and a contract so made and deposited is not revocable at the will of either party or their representatives, but may be enforced under the provisions of Sec. 3935 R. S. If no date is fixed for the delivery or performance of the contract a reasonable time is intended and no default can attach until after a demand and failure or refusal to perform. 2 Warvelle on Vendors, p. 774.

The delivery of this deed in escrow rendered it absolute when the condition upon which it was made was fulfilled. The evident intention of the parties was that if within a reasonable time after the death of the grantors the plaintiff should pay to Martha Ann Gammon Roberts $300, evidenced by her receipt, then the deed was to be delivered to the plaintiff. One dollar of this contideration was acknowledged paid, and the plaintiff went into immediate possession of the premises. The object of the delivery in escrow was to secure the payment of the price to Mrs. Roberts. When that was paid, or offered to be paid, and refused, the plaintiff had a right to the deed. The purpose of the escrow having been accomplished the plaintiff held the deed in the same manner he would have held it if it had been delivered to him in the first instance. The intention was that it should be the deed of the grantee when the condition was complied with, and when complied with it would take effect from its first delivery. 1 Devlin on Deeds, Secs. 328, 329; *Price* v. *Pittsburgh R. R.*, 34 Ill. 33; *Bostwick* v. *McEvoy*, 62 Cal. 496; *Rug-*

*gles* v. *Lawson*, 13 John 285; *Davis* v. *Clark*, 48 Pac. 563; *Wheelwright* v. *Wheelwright*, 3 Am. Dec. 66.

In our judgment the complaint states a cause of action, that would entitle the plaintiff to recover. In the court below the plaintiff elected to stand upon his complaint and refused to plead further, and the defendants elected to stand upon their demurrer. As the facts are not in dispute it would seem unnecessary to send the case back for a new trial.

The judgment of the district court is reversed, with costs, and the case is remanded with directions to said court to enter judgment in favor of plaintiff as prayed for in the complaint.

BARTCH, C. J. and BASKIN, J. concur.

### OPINION ON REHEARING.

*Per Curiam:*

Since the above opinion was filed the defendants have moved this court for a rehearing of the case, on the ground, among others, that this court has no power, after overruling defendants' demurrer to the complaint, to direct the entry of a judgment for the plaintiff in the court below, but should have remanded the cause with directions to permit the defendants to file their answer to the complaint, notwithstanding they made no request of either court in that respect. We do not fully concur with the able counsel on this subject.

The record shows that the defendants' demurrer to the plaintiff's complaint was sustained in the court below: The plaintiff elected to stand upon his complaint, and refused to plead further, and the defendants elected to stand upon their demurrer, without filing an answer. Thereupon the court rendered judgment against the plain-

tiff, and directed execution to issue therefor. From such judgment the plaintiff appealed to this court, asking a reversal of the same, and that this court direct a judgment in his favor. No request was made by defendants that they be allowed to file an answer to the complaint in case the demurrer was overruled; nor was the demurrer withdrawn. This court overruled the demurrer, set aside the judgment of the court below, and directed a judgment for the plaintiff, holding that as the facts were not in dispute, but were admitted, that the plaintiff was entitled to judgment thereon, it would seem unnecessary to send the case back for a new trial.

After the appeal this court had jurisdiction of the case, and under Sec. 655 R. S. 1898, power "to reverse, affirm or modify the judgment appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had."

A similar question arose in an equity case in Vermont, (*Bailey* v. *Holden*, 50 Vt. 21) the court said: the defendants "having chosen to rest their defense upon the facts confessed by the demurrer, and carried the experiment to the last extremity, it was regarded unwarrantable to allow the litigation and the decision upon it to go for nothing, and permit the cause to be put back as it was upon the filing of the bill, where the only reason assigned for it, was, that 'defendants' solicitors had erred in their judgment of the law.'" *Stewart* v. *Flint*, 57 Vt. 216 (top paging).

In *Deloach, et al* v. *Neal*, 5 Ark. 244, it is held that where a demurrer to a complaint is overruled it may regularly be followed by judgment; that the court is not bound to enter *respondeat ouster*; that if the defendant does not ask to plead over, the judgment is necessarily final.

In *Lowrey* v. *Andrews*, 20 Ill. App. 521, it is held that

when a demurrer to a declaration is overruled, if the defendant desires to plead over, he should ask leave to withdraw his demurrer, and then pleàd; that unless the demurrer is withdrawn it remains of record as an admission of the facts alleged in the complaint, and the failure to withdraw it is an election to abide by it and justifies a judgment on the demurrer.

In *McNasser* v. *Sherry*, 1 Colo. 12, it is held that upon overruling a demurrer to a declaration, if the defendant does not ask to plead, judgment should be entered, and damages may be assessed by a jury.

In the 6th Ency. Pl. & Pr. p. 366, it is said: "If after a demurrer is overruled the demurrant fails to ask leave to plead over, or answer, and abides by its demurrer, the submission of the case on demurrer is a final submission, and judgment thereon is final." *Fisher* v. *Gould*, 81 N. Y. 228.

An examination of the authorities cited in 6th Ency. Pl. & Pr., will conclusively show that the order made in this case was in strict accord with the practice in this and other states on this subject.

The facts stated in the complaint, and admitted by the demurrer, formed a proper basis for a judgment for the plaintiff on appeal to this court, and we have been cited to no authorities to the contrary. It was doubtless within the discretion of this court to remand the case with directions to permit the defendants to plead over, even though no such request was made by counsel, provided the demurrer was withdrawn. The withdrawal of the demurrer was within the discretion of the party filing it. Its withdrawal could not be compelled by the court, and while it remains, it is an admission of the facts alleged in the complaint demurred to. The election to stand upon their demurrer was equivalent to a refusal to plead over, and to abide by the final result, even to judgment.

It could hardly be just to a plaintiff, on this record on appeal, after being subjected to a protracted and expensive litigation, and after it had gone to final decision in the Supreme Court upon such a defense as the defendants elected and chose to make, and upon which they insisted and stood in both courts, and after final judgment was entered against them upon the admitted facts, to allow the decision upon the whole question to go for nothing, so far as reaching the real justice of the contention is concerned, and allow the case to be placed back as it was upon the filing of the complaint in the first instance.

The respondents also on their motion for a rehearing present their answer to the complaint, and ask to be allowed to file the same in the court below and to make their defense thereunder. In effect, they now waive their demurrer, and ask to plead over. Because this is the first time this precise question has been before this court and counsel may have been surprised at the holding thereof, and because the answer sets up that which may be a meritorious defense, this court, acting within the exercise of its discretionary power, will grant the request made by the respondents and modify the former order of this court, so that it shall read as follows:

It is ordered that the defendant's demurrer to the plaintiff's complaint be overruled, and that the judgment of the district court be reversed and set aside, with costs of both courts, and the case is remanded with directions to permit the respondents to file their answer to the complaint on such terms as may be just, and proceed with the hearing of said cause. In other respects the motion for a re-hearing is denied and overruled.

I concur in permitting the respondents to file their answer, and in remanding the case for further proceedings.

BARTCH, C. J.