[S. F. No. 7555.  Department Two.—December 24, 1917.]

## RICHARD P. HENSHALL, Respondent, v. LOREN COBURN et al., Appellants.

ATTORNEY AT LAW—ACTION FOR PROFESSIONAL SERVICES—SUFFICIENCY OF EVIDENCE.—In an action by an attorney against a husband and wife to recover for professional services, rendered in procuring a judgment restoring to capacity the husband, who had been adjudicated incompetent, where the appellants did not challenge the amount of the verdict but insisted that the evidence failed to show employment of the plaintiff by them, the evidence is examined and found sufficient to support the verdict for the plaintiff.

ID.—EVIDENCE—DECLARATIONS IN PRESENCE OF A PARTY.—In order that one may be affected by conversations held or declarations made in his presence, they must be held or made in such manner as requires him to deny, or, by his silence, to admit them.

ID.—EVIDENCE—DECLARATION BY PARTY AS A WITNESS—ADMISSIBILITY. Where, in an action by an attorney at law to recover for his professional services under an alleged contract of employment in proceedings to secure the defendant's restoration to capacity, which contract was denied, the defendant offered in evidence a transcript of the proceedings on the trial of the application for restoration, which showed that the defendant, as a witness on that trial, while he was being cross-examined, in an obvious attempt by the cross-examiner to show that his memory was so weak that he was unable to recognize his own counsel, had testified in the presence of the plaintiff that Mr. T., his senior counsel in the matter then on trial, was the only lawyer who had been employed by him, the court properly refused to admit the transcript, the matter then at bar not involving the status of the plaintiff in the instant action, and not calling for a denial on his part.

ID.—INSTRUCTIONS — AUTHORITY OF ATTORNEY — RATIFICATION OF UN-AUTHORIZED ACT—ACCEPTANCE OF SERVICES.—In such case the court properly instructed the jury to the effect that if, assuming an authority as agent for the defendant, which, in fact, he did not

have, Mr. T. (the defendant's senio.r counsel in the restoration pro-
ceedings) employed the plaintiff, and the defendants accepted *and
retained the benefit of* the plaintiff's professional services, the jury
should find in favor of the plaintiff on the principle of ratification.

ID.—ATTORNEY AND CLIENT—ATTORNEY AS WITNESS—PRIVILEGED COM-
MUNICATION—AUTHORITY TO MAKE CONTRACT.—The rule as to privi-
leged communications does not exclude evidence as to the instruc-
tions or authority given by the client to his attorney to be acted
upon by the latter, and an attorney, authorized by his client to
engage the services of another attorney, is, therefore, not debarred
from testifying to declarations made by his client concerning such
employment.

APPEAL from a judgment of the Superior Court of San
Mateo County.   George H. Buck, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche, and Cullinan &
Hickey, for Appellants.

Bert Schlesinger, and Richard P. Henshall, *in pro. per.*, for
Respondent.

MELVIN, J.—Defendants Loren Coburn and Sarah Satira
Coburn, his wife, appeal from a judgment against them, from
a modified judgment, and from an order denying their motion
for a new trial.

Plaintiff, an attorney and counselor at law, sued for $19,-
450, alleged to be due for the value of professional services
performed by him for defendants jointly. After issue
joined the case was tried before a jury and a verdict for
$10,450 was returned. Defendants moved for a new trial
and the court made a conditional order that if within twenty
days plaintiff should consent to remit all over five thousand
dollars, the motion would be denied. Within the indicated
period plaintiff filed his consent to the suggested modification
of the judgment, after which the court made and entered a
modified judgment in plaintiff's favor for five thousand dol-
lars and costs.

The services of Mr. Henshall were performed in an effort
to secure a writ of error to the supreme court of the United
States in the proceeding by which Mr. Coburn had been de-
clared an incompetent person (*In the Matter of Coburn*, 165

Cal. 202, [131 Pac. 352]), and he also appeared in the trials of two proceedings for the restoration of Loren Coburn to capacity, in the second of which the petitioner was successful. There is no contention that the award for the value of services is exorbitant, but appellants insist that the evidence fails to show an employment of plaintiff by them. Their contention is that the evidence, properly considered, proves that Mr. Archibald J. Treat, senior counsel for Mr. Coburn, employed Mr. Henshall to assist him, with the understanding that plaintiff was to be compensated not by the Coburns, or either of them, but by Mr. Treat himself. Appellants insist that there is no real conflict of testimony and that there is an entire absence of evidence to support any verdict against them, or either of them.

Without reviewing the testimony at length it is sufficient to say that the record furnishes abundant support for the verdict. Mr. Treat testified that both Mr. and Mrs. Coburn authorized him to employ Mr. Henshall. The plaintiff testified that he was employed by both defendants, and his statement was corroborated by those of Mr. Treat and Mr. J. Early Craig. Mrs. Coburn stated under oath that she had, she thought, first heard of Mr. Henshall in connection with her husband's business after his return from Washington, where he had gone to ask for a writ to the supreme court of the United States, but a letter written by her to Mr. Treat before Mr. Henshall's departure contained this sentence: "You are to have Mr. Henshall as you told us, and we thought he would be away by this time, as it was arranged to that effect." The letter admittedly was signed by Mrs. Coburn and was entirely in her own handwriting. Plaintiff also introduced in evidence a notice signed by Mrs. Coburn and directed to Mr. Hynes, who was at the time guardian of Mr. Coburn's person and estate. In it she referred to Messrs. A. J. Treat, Gavin McNab, and R. P. Henshall "as her attorneys," and the notice specified that they were thereby "authorized and empowered to appear for her in all matters and things referred to in said notice." At the hearings of the proceedings for restoration Mr. Henshall was in constant attendance and was in frequent consultation with Mr. and Mrs. Coburn. It is suggested that Mrs. Coburn had no personal interest in the litigation and therefore could not be charged with responsibility for the payment of Mr. Henshall's fee, but as a matter

of fact she was a party to the petition for restoration. However, that is immaterial. Whether her interest was monetary or merely sentimental she had an undoubted right to join with her husband in a contract for the employment of counsel. The same witnesses who described Mrs. Coburn's participation in the employment of Mr. Henshall also positively stated that Mr. Coburn had joined in the contract of employment and had accepted the services of the plaintiff.

The court properly refused to admit in evidence a transcript of part of the proceedings in the trial of the application for restoration, wherein it was shown that Mr. Coburn when on the witness-stand stated that Mr. Treat was the only lawyer who had been employed by him. The theory upon which this testimony was offered was that the declaration of Mr. Coburn made in the presence of Mr. Henshall called for a denial from the latter of his alleged client's statement. But Mr. Henshall was under no obligation to assert his right to compensation as one of Mr. Coburn's counsel when the testimony of the latter was given in the other proceeding. The obvious purpose of the examination of Mr. Coburn was to test the memory of the witness, and the cross-examiner was trying to show that Mr. Coburn's memory was so weak that he was unable to recognize his own counsel. The matter then at bar did not involve the exact status of Mr. Henshall nor his right to compensation. There was nothing which called for a denial on his part. In order that one may be affected by conversations or declarations held in his presence, they must be made to him in such manner as requires him to deny or by his acquiescence to admit them. (*Wilkins* v. *Stidger,* 22 Cal. 231, [83 Am. Dec. 64]; *Porter* v. *Elizalde,* 125 Cal. 204, [57 Pac. 899].)

Mr. Henshall was asked while on the witness-stand what Mr. Treat said to him on an occasion when, in company with Mr. Craig, Mr. Treat visited him. Counsel for defendants objected on the ground that agency could not be shown by Mr. Treat's declarations. The objection was properly overruled. The evident purpose of the question was to bring out the terms of the contract of employment. Mr. Treat had positively testified that he had been authorized to employ Mr. Henshall. Therefore there was direct testimony of Mr. Treat's authority to hire respondent.

One of the instructions was to the effect that if, assuming an authority as agent for the defendants which in fact he did not have, Mr. Treat employed plaintiff and defendants accepted and retained the benefits of plaintiff's professional services, then the duty of the jury would be to find in favor of plaintiff on the principle of ratification. This instruction is attacked as being opposed to the principles announced in *Porter* v. *Elizalde,* 125 Cal. 204, [57 Pac. 899], but in reality it is not in conflict with that authority. The rule of the Elizalde case may be summarized in one sentence of the opinion, which is as follows: "The mere silence of the party will not be held to constitute such assent or acquiescence in the acts of the agent as to amount to a ratification or adoption of these acts, without also considering the circumstances under which the silence existed." By the instruction here attacked the court did not tell the jury that mere silence on the part of the Coburns would amount to ratification of any unauthorized contract made by Mr. Treat. But the jurors were told that if the services were rendered and the defendants "accepted and retained the benefit of said services," they thereby ratified the employment. Undoubtedly that is the general rule. Instructions must be read together, and the jurors were told in other instructions that mere acceptance of services would not amount to ratification of an unauthorized contract of employment. Taken together the instructions fairly set forth the principles applicable to the case presented.

Appellants make the further objection that Mr. Treat was bound by his obligation as an attorney not to testify to declarations made by the Coburns concerning the employment of Mr. Henshall. There is no merit in this point.

"The rule as to privileged communications does not exclude evidence as to the instructions or authority given by the client to his attorney to be acted upon by the latter." (40 Cyc. 2374.) This is the rule in California. (*Ruiz* v. *Dow,* 113 Cal. 490, [45 Pac. 867] ; *Hager* v. *Shindler,* 29 Cal. 47–63.) In discussing the reason for the rule, the supreme court of Wisconsin, in *Koeber* v. *Somers,* 108 Wis. 497, [52 L. R. A. 513, 84 N. W. 991], said:

"The proposition advanced by respondent and adopted by the trial court, that one, after fully authorizing his attorney, as his agent, to enter into a contract with a third party, and

after such authority has been executed and relied on, may effectively nullify his own and his duly authorized agent's act by closing his attorney's mouth as to the giving of such authority, is most startling. A perilous facility of fraud and wrong, both upon the attorney and the third party, would result. The attorney who, on his client's authority, contracts in his behalf, pledges his reputation and integrity that he binds his client. The third party may well rely on the assurance of a reputable lawyer that he has authority in fact, though such assurance be given only by implication from the doing of the act itself. It is with gratification, therefore, that we find overwhelming weight of authority against the position assumed by the court below, both in states where the privilege protecting communications with attorneys is still regulated by the common law and in those where it is controlled by statute.''

Finally, it is contended that there was a variance between the contract as pleaded and that which respondent endeavored to prove. Appellants insist that instead of one joint contract the evidence, if it tends to support any meeting of minds, establishes separate contracts with the two defendants made at different times. The evidence, however, fairly supports the pleading of respondent. He declared on a contract between him and both defendants made within two years, whereby he was retained as their legal adviser, and he asked for the reasonable value of the services rendered pursuant to that agreement. The evidence tended to show that the contract of employment was made April 23, 1913, at a conference held at Mr. Craig's office, and that both Loren Coburn and his wife participated in the transaction.

The modified judgment for five thousand dollars and costs and the order denying a new trial are affirmed. As the original judgment, or rather verdict, for $10,450 and costs was merged in the judgment as finally given, the attempted appeal from it is dismissed.

Henshaw, J., concurred.

SHAW, J., Concurring.—I concur.

I wish to add, however, that nothing in the opinion is to be taken as an intimation that one who is present in the courtroom when another person is testifying as a witness must

deny statements made by such witness in his testimony, at the peril of having his silence taken as an admission that such statements of the witness are true, or that such statements can ever be given in evidence against the person so standing silent.