[Civ. No. 4559. First Appellate District, Division Two.—June 7, 1923.]

ROWENA MESSERSMITH, Administratrix, etc., Respondent, v. LUCAS F. SMITH, Jr., Executor, etc., Appellant.

[1] PLEADING—QUIETING TITLE—TENANCY IN COMMON—PARTIES.—The administratrix of an estate, as a tenant in common in real property, is entitled to sue either jointly or severally for the protection of her interest therein.

[2] EVIDENCE—ESCROW INSTRUCTIONS TO ATTORNEY—PRIVILEGED COMMUNICATIONS.—The escrow instructions given by the grantor in a deed are not privileged communications even though such instructions are given to a party who has theretofore, or at the time occupies the position of attorney to the grantor. (Opinion of supreme court on denial of hearing.)

[3] ID.—PROFESSIONAL EMPLOYMENT OF ATTORNEY—HOLDING OF DEED—INSTRUCTIONS.—Instructions to the holder of a deed delivered in escrow with reference to its delivery are not "in the course of the professional employment" of the attorney within the meaning of subdivision 2 of section 1880 of the Code of Civil Procedure, although the delivery be made to the grantor's attorney, but are instructions which he is bound to reveal at the request of the grantee for whose benefit the instructions are given. (Opinion of the supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benj. K. Knight, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lucas F. Smith and Stanford G. Smith for Appellant.

Rea, Cassin & Caldwell for Respondent.

NOURSE, J.—This is an action to quiet title commenced by the plaintiff as administratrix of the estate of Elizabeth Hans, deceased, against the defendant as executor of the estate of Elizabeth Schwan, deceased. Judgment was rendered in favor of the plaintiff. Defendant appeals under

3. Privileged communications between attorney and client, notes, 66 Am. St. Rep. 213; Ann. Cas. 1913A, 3; Ann. Cas. 1916E, 335.

the provisions of section 953a of the Code of Civil Procedure.

For a long time prior to and on November 10, 1911, Elizabeth Schwan was the owner of the tract of land described in the complaint. On that day she made a deed of this property conveying an undivided two-fifths thereof to Elizabeth Hans, an undivided two-fifths to Conrad Scholl, and the remaining one-fifth to Elias Trust. Deceased's deed was executed under the direction and advice of her attorney, who testified at the trial that the grantor delivered the deed to him in escrow with instructions that he deliver it to the grantees upon her death. Subsequent to its delivery the grantor procured the deed from her attorney on more than one occasion and exhibited it to some of her friends. On one of these occasions she returned to the office of her attorney and told him that the deed had been destroyed. It was never seen thereafter, but, over the objection of appellant, what purported to be a typewritten carbon copy of the original deed was produced by the attorney who drew it and was received in evidence. Some time after the destruction of the deed the grantor therein made and executed her will disposing of this same property. The defendant is the executor under this will.

The appeal is based upon the grounds: (1) That Scholl and Trust should have been made parties to the action; (2) that the testimony of the grantor's attorney was inadmissible; and (3) that the evidence was insufficient to support the findings of fact.

[1]    (1) It appears that the interests of Scholl and Trust were not disclosed until the trial of the case. No allegations appear in the complaint relating to the fact that these parties asserted any claim against the interests of the parties who were named in the action. Thus no demurrer was filed raising the point of nonjoinder of parties. It seems to be conceded that under the deed Scholl and Trust were both tenants in common with the administrator of the estate of Elizabeth Hans, a fact which appeared for the first time when the deed was offered in evidence. Such being the case, it was not necessary to stop the proceedings in order to make either Scholl or Trust a party to the action. As tenant in common the administrator was entitled to sue

either jointly or severally for the protection of her interest. (Sec. 384, Code Civ. Proc.)

(2) Upon the question of the admissibility of the testimony of the grantor's attorney, appellant cites subdivision 2 of section 1881 of the Code of Civil Procedure, which provides: "An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him." Under the provisions of the code section appellant's position is unanswerable. The legislature prohibited the admission of testimony based upon confidential information gained by an attorney from his client. The reason for the law is illustrated by this case. The deed which was executed by the deceased was never delivered to the grantees nor to anyone to hold for them under written escrow instructions. Without the testimony of the attorney the destruction of the deed by the grantor before delivery was a complete and efficient revocation, as she undoubtedly intended it to be. By taking the testimony of the attorney, the want of escrow instructions was supplied by parol and a deposit in escrow was created. The value of the code rule as well as the evil of its nonobservance is also illustrated by the circumstances of this case. All the acts of the grantor and statements made by her to her friends demonstrate that she did not know the effect of her deed or that she did not intend to create an escrow condition. If such had been her intention the simplest precaution would have dictated the writing of instructions covering the escrow. If she had been living at the time of the trial she could have denied the testimony of her attorney and it would seem to be self-evident that his testimony was just the kind intended to be prohibited by the code section. But the supreme court, in *Estate of Nelson,* 132 Cal. 182, 188 [64 Pac. 294], held that the confidential relation between attorney and client was waived when he was employed to draw his client's will; that "by requesting his attorney to draw his will the client impliedly asks him to do and say whatever may at any time and place be requisite for the purpose of establishing the integrity of the will." If this is true regarding the preparation of a will it should also apply to conversations relating to the preparation and execution of a deed placed in escrow transferring possession of real property after the death of the grantor. Though we are

unable to draw from the statute the exception stated in the Nelson case, the decision of the court is controlling. Respondent also relies upon *Smith* v. *Smith*, 173 Cal. 725, 732 [161 Pac. 495]. But this case is not in point because the communications of the attorney Russell there under consideration were made in the presence of other parties, while the testimony of the attorney Taylor were not attacked on the ground that it was privileged.

(3) The attack upon the findings is based upon the ground that the testimony of the grantor's attorney was inadmissible. It is granted that respondent's entire case depends upon the testimony of this witness and that if this testimony was stricken out her case would fall. There cannot be any question that there is sufficient evidence in this testimony to support the findings of the trial court.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 3, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1923, and the following opinion then rendered thereon:

THE COURT.—[2] In denying the petition for transfer to this court after decision by the district court of appeal we deem it proper to say that escrow instructions given by the grantor in a deed are not privileged communications even though such instructions be given to a party who has theretofore, or at the time occupies the position of attorney to the grantor. The assumption that the attorney, while acting as the depository of the deed, is occupying the position of attorney to the grantor, and acting as the agent of the grantor, assumes the very matter in issue where the question of delivery in escrow is involved, because if the attorney is acting solely as the attorney for the grantor then the deed in the possession of the attorney, as such, is, in legal effect, in the possession of the grantor and there has been no delivery whatever. The very act of constituting the attorney depository of the deed in escrow makes him the agent

62 Cal. App.—29

of both the grantor and grantee (*McDonald* v. *Huff*, 77 Cal. 279, 282 [19 Pac. 499]; *Wellborn* v. *Weaver*, 17 Ga. 267 [63 Am. Dec. 235]; *Davis* v. *Clark*, 58 Kan. 100 [48 Pac. 563]; *Gammon* v. *Bunnell*, 22 Utah, 421 [64 Pac. 958]), and renders the instructions given to him unprivileged.

[3] Instructions to the holder of a deed delivered in escrow with reference to its delivery are not "in the course of the professional employment" of the attorney within the meaning of section 1881, subdivision 2, of the Code of Civil Procedure, although the delivery be made to the grantor's attorney, but are instructions which he is bound to reveal at the request of the grantee for whose benefit the instructions are given. "Where the communication between the client and attorney is one authorizing the attorney to perform some act on behalf of the client, the communication giving such authority is not a confidential communication by the client, and the attorney may testify to the instructions given to him. (*Burnside* v. *Terry*, 51 Ga. 186; *Williams* v. *Blumenthal*, 27 Wash. 24 [67 Pac. 393]; *Bruce* v. *Osgood*, 113 Ind. 300 [14 N. E. 563])." (*Collette* v. *Sarrasin*, 184 Cal. 283, 284 [193 Pac. 571, 572]. See, also, *Henshall* v. *Coburn*, 177 Cal. 54 [169 Pac. 1014]; *Ruiz* v. *Dow*, 113 Cal. 498 [45 Pac. 867].)

The petition is denied.