[Civ. No. 10821. Second Appellate District, Division Two.—March 4, 1936.]

C. A. JONES, Respondent, v. W. F. PIER et al., Defendants; W. F. GARRISON et al., Appellants.

[Civ. No. 10822. Second Appellate District, Division Two.—March 4, 1936.]

C. A. JONES, Respondent, v. W. F. PIER et al., Appellants.

Merriam, Rinehart & Merriam and Hanna & Morton for Appellants.

L. F. Coburn and Clayton L. Howland for Respondent.

WOOD, J.—A community oil lease was executed on October 10, 1922, by W. F. Garrison and his then wife and W. F. Pier and his wife, as lessors, and Cal-Mex Oil & Refining Company, as lessees, covering twenty lots in the North Long Beach tract. The Garrisons were the owners of ten of the lots and the Piers. were the owners of the other ten. By the terms of the lease, which was made for the term of twenty years, the lessors were to receive one-fourth of all oil, gas and other hydrocarbon substances to be produced from the leased premises. The lease set forth certain conditions the failure to perform which would be grounds for forfeiture at the option of the lessors. After the execution of the lease Mr. and Mrs. Pier assigned to C. A. Jones, the plaintiff, one per cent of the total production extracted from the premises. The assignment is as follows: "Know all men by these presents: That we, W. F. Pier and Agnes Pier, his wife, owners by virtue of a community lease dated October 10, 1922, of twelve and one-half per cent (12½%) of the total production of oil, gas and other hydrocarbon substances extracted 'and saved from (the lots above mentioned) . . . do hereby sell, assign, transfer and set over unto C. A. Jones, of Long Beach, California, one per cent (1%) of said total production; this assignment to remain effective so long as the assignee, or his successors in interest, contributes one per cent (1%) of the increase of taxes upon said land resulting from the discovery of oil or gas thereon; To have and to hold the same to the said assignee, his heirs and assigns forever."

The present action was commenced on May 31, 1928, to quiet plaintiff's title as against the Piers and Garrisons to "one per cent (1%) of the total production of oil, gas and other hydrocarbon substances extracted and saved", from the twenty lots referred to in the lease. Judgment was rendered in favor of the defendants and on appeal the judgment was reversed. (*Jones* v. *Pier*, 124 Cal. App. 444 [12 Pac. (2d) 646].) The reversal was necessary for the reason that the trial court had based its judgment upon a decree in another action in which the Garrisons as owners of ten of the lots covered by the lease had recovered judgment by default against the Cal-Mex Oil & Refining Company and in which the court found that the said company was guilty of breaching the covenants of the oil lease and decreed the cancellation of the lease. The Piers had not been made parties to that litigation and therefore the decree referred to did not terminate the lease. Upon the second trial of the action the trial court permitted defendants to file a supplemental answer in which allegations were made, and found by the court to be true, that with regard to all but four of the lots covered by the lease the assignees of the original lessees had forfeited the lease and with the consent of the Piers and Garrisons had surrendered the premises to the original lessors.

The trial court rendered judgment in favor of plaintiff quieting his title to one per cent of the production during the term of the lease and appeals are prosecuted by defendant W. F. Garrison and by defendants W. F. Pier and Agnes Pier. The briefs contain much discussion on the questions whether the defendants could terminate the lease without the consent of plaintiff and whether plaintiff has a vested right in the oil produced. ▮ It is manifest that the issues now before the court were determined by the opinion filed upon the former appeal, which is binding upon us in the present proceeding. We quote: "Mr. and Mrs. Pier could not thus terminate the vested interest of the plaintiff which they conveyed to him for the consideration of $6,000, without his knowledge or consent. . . . By the terms of his assignment of April 3, 1923, the plaintiff acquired an undivided one per cent interest in common with the lessors in all oil, gas or other hydrocarbon substances produced from the land therein described, for the term of twenty years from the date of the original lease, regardless of who produced the

same. The lease created a vested right in property even though it was not accompanied by actual physical possession of the subterranean deposit of gas or oil. In the case of *Merrill* v. *California Petroleum Corp.*, 105 Cal. App. 737 [288 Pac. 721, 723], it is said: 'It appears that the deposit of oil involved was a part of the land in which it was found; that Lake's right to extract the oil was "private property", a "claim to land, although not accompanied by actual physical possession of the subterranean deposit"; that such claim was "founded on a right" vested in him by the terms of the lease, a right "coupled with an interest". While the oil in its natural deposit was a part of the land, it was in actual existence as part of the land and was potentially personal property under the terms of the lease and actually became personal property to the extent of the amount thereof involved in this action when the lessee exercised his right to extract it.' The plaintiff is therefore entitled to have quieted in him his undivided one per cent of all oil, gas and other hydrocarbon substances which may be developed or produced from the property during the terms prescribed in the original lease or until that instrument is lawfully terminated. Any oil leases with relation to the land described in the Cal-Mex Oil & Refining Company lease of October 10, 1922, which may have been subsequently executed by the lessors, are subject to the plaintiff's prior vested right which was acquired by means of his assignment of interest as above related."

Defendants argue that the language used in the opinion on the former appeal, "or until that instrument is lawfully terminated", coupled with the findings of the trial court on the subject of forfeiture should be construed to mean that the lease is now lawfully terminated and that plaintiff's rights were extinguished by the termination of the lease as to most of the lots. This contention cannot be upheld. The opinion upon the former appeal must be considered in its entirety. The language just quoted must be construed in the light of the statement contained in the opinion that the Piers could not terminate the vested interest of plaintiff without his consent. It was also held in the former opinion that any oil leases with relation to the twenty lots "which may have been subsequently executed by the lessors are subject to the plaintiff's prior vested right". By the judgment from which the appeals are taken the trial court correctly adjudicated plain-

tiff's rights in accordance with the opinion upon the first appeal.

The judgment is affirmed.

Crail, P. J., and McComb, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 25, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1936.